HEINRICH, *Plaintiff in Error*, v. THE CITY OF ST. LOUIS, *Appellant.*

Division One, December 10, 1894.

1. **City**: VACATION OF STREET: ABUTTING PROPERTY OWNERS: DAMAGES. A city is responsible in damages to abutting property owners for decrease in the value of their property caused by the enactment of an ordinance vacating a public street.

2. ——: ——: ——: ——. It is no defense to such action that the owner still has access to his property by another street.

3. ——: ——: ——: ——. The measure of damages in such action is the difference between the value of the property just before the street was vacated and its value thereafter.

4. **Practice**: MEASURE OF DAMAGES: PRESUMPTION. Where no instruc tions are asked on the measure of damages, it will be presumed that the court adopted the correct rule in reference thereto.

*Appeal from and Error to St. Louis City Circuit Court.*
HON. DANIEL DILLON, Judge.

AFFIRMED.

*W. C. Marshall* for appellant.

(1) The circuit court erred in refusing to give defendant's instruction for a nonsuit. The charter of the city of St. Louis, paragraph 2, section 26, article 3, gives the mayor and assembly power, by ordinance, "to establish, open, vacate * * * all streets, sidewalks, alleys," etc. Whether a street should be kept open or ·vacated is purely a matter of expediency, and is a question for the municipal assembly to decide. Having the power to vacate streets, it is for the municipal assembly to say whether the public interest requires a street to be kept open. *State v. Clark*, 54 Mo. 36;

*Railroad v. Springfield,* 85 Mo. 676; *Kittle v. Fremont,*
1 Neb. 328; *Riggs v. Board,* 27 Mich. 262; *Paul v.
Carver,* 26 Pa. St. 223; *Stuber's Road,* 28 Pa. St. 199;
*Brady v. Shinkle,* 40 Iowa, 576; *Ellsworth v. Chickasaw
County,* 40 Iowa, 571; *Barr v. Oskaloosa,* 45 Iowa, 275;
*University v. Lexington,* 3 B. Mon. 25.   (2) The power
to vacate streets being absolute, and as indisputable as
the power to establish them, it has been held that the
vacation and closing of one street afforded no ground
of complaint when access remained by other streets.
*Fearing v. Irwin,* 55 N. Y. 486; *Coster v. Albany,* 43
N. Y. 399; *Smith v. Boston,* 7 Cush. 254; *Kellinger v.
Railroad,* 50 N. Y. 206; *In re Osage Street,* 90 Pa. St.
114; *Pollack v. Asylum,* 48 Cal. 490; *Gerhardt v.
Bridge,* 16 R. I. 334; *McGee's Appeal,* 114 Pa. St.
476; *Paul v. Carver,* 23 Pa. St. 207; *In re Howard
Street* (Pa.), 33 Am. and Eng. Corp. Cases, 453;
*Heilscher v. Minneapolis,* 46 Minn. 529.  (3) Upon the
discontinuance of the public easement in Olive street,
the freehold of the soil reverted to the abutting owner
(the plaintiff).   *Harris v. Elliott,* 10 Pet. (U. S.) 26;
*Barclay v. Howell's Lessee,* 6 Pet. 498; *Hyde Park v.
Boyden,* 94 Ill. 26; *Wirt v. McEmery,* 21 Fed. Rep.
233; *Chicago v. Building Association,* 102 Ill. 376;
*Gebhardt v. Reeves,* 75 Ill. 301; *Line Co. v. LaSalle,*
117 Ill. 411.

*C. P. & J. D. Johnson* for plaintiff in error.

(1) There exists a clear right of recovery in this case.
Lewis on Eminent Domain, sec. 134, and cases cited;
Mills on Eminent Domain [2 Ed.], sec. 318, and cases
cited; Elliott on Roads and Streets, p. 658, and cases
cited; Dillon on Municipal Corporations, sec. 527, and
cases cited; *Belcher Sugar Refining Co. v. Elevator Co.,*
82 Mo. 121; *Glasgow v. St. Louis,* 87 Mo. 678; *Glasgow*

*v. St. Louis,* 107 Mo. 198; *Sheeby v. Brick Works,* 25 Mo. App. 529; Cooley on Const. Lim. [6 Ed.], p. 670, and cases cited. (2) The court below erred in deducting from the damages proved, the value of that portion of the street reverting to the plaintiff by reason of the vacation. That belonged to the plaintiff already, subject only to the public use for street purposes. When that easement was destroyed, the land was still owned in fee by the plaintiff, as before, and it was lessened in value, as the proof shows, by reason of the destruction of the special use. Lewis on Eminent Domain, sec. 113; Elliott on Roads and Streets, pp. 302 and 518–519; Angell on Highways, sec. 301; 2 Waterman on Trespass, sec. 692, p. 80; Mills on Eminent Domain, secs. 55–56; *Cole v. Drew,* 44 Vt. 49; *Roberts v. Sadler,* 104 N. Y. 229; *Gidney v. Earl,* 12 Wend. 98; *Bridge Co. v. Schaubacher,* 57 Mo. 582; *Ass'n v. Bell Tel. Co.,* 88 Mo. 258. (3) The question of benefits was, in this cause, a special defense, which must be pleaded, in order for defendant to avail himself of it. R. S. 1889, sec. 2049.

BLACK, P. J.—The plaintiff is the owner of a parcel of land in the city of St. Louis, two hundred feet in length from north to south, and fifty-three feet wide, measuring at right angles to the side lines. The north end fronts on what was formerly Olive street. That street ran in a southeast and northwest direction, so that the lot had a front of sixty feet, measuring along the south line of Olive street. The south end of the lot does not front on any street. The west side line extends along the east line of Taylor avenue. There is also an alley running east and west across the lot.

In March, 1890, the city, by an ordinance duly enacted, vacated a part of Olive street, including therein the part on which the plaintiff's property abutted.

This is a suit to recover the damages sustained because of a depreciation in the value of the property, caused by the action of the city in vacating that part of Olive street. The court gave judgment for plaintiff, from which the defendant appealed. Plaintiff sued out a writ of error. The two cases will be treated as one, the same as in case of cross appeals.

1. The municipal assembly of the city of St. Louis has the power conferred upon it to vacate streets and alleys; and it is for the assembly, and not the courts, to say when that power shall be exercised. As the city has this power it is insisted, on its behalf, that the vacation of one street affords no ground of complaint where the property owner still has access to his property by another street or alley, and hence the defendant's demurrer to the evidence should have been sustained.

Though the city has the right and power to vacate streets when and where its legislative body shall deem best for the public good, still it does not follow that the city is not liable for damage resulting to abutting property owners, arising from the exercise of that power. The power must be exercised subject to the constitution which provides that private property shall not be taken or damaged for public use without just compensation. In the case of *Glasgow v. St. Louis,* 107 Mo. 202, we held injunction would not lie to restrain the enforcement of an ordinance vacating a part of a street, at the instance of persons whose property did not abut on the vacated portion of the street. But it was said in that case: "There is no doubt but a property owner has an easement in a street upon which his property abuts, which is special to him and should be protected." While the owner of a lot abutting on a public street has the same right to the use of a street that rests in the public, he at the same time has other

rights which are special and peculiar to him, and the right of ingress and egress is one of them. This right of access is appurtenant to his lot, and is private property. To destroy that right is to damage his property, and when this is done for the public good, the public must make just compensation therefor. All this flows as a necessary consequence from what was said in the *Glasgow case*, and we do not feel called upon to enter upon a further review of the cases on this subject. Some things must be taken as settled by former adjudications.

It is suggested that the plaintiff may still use his half of the vacated portion of the street in front of his lot, that is to say a strip thirty feet wide extending along the north end of his lot from Taylor avenue, as a private way, if he desires to do so. This he may do beyond all doubt, but it is no answer to this complaint. The thing of which he has been deprived for the public good, is direct access to a public highway, not simply to a private way. The most casual observation will show that the value of these small parcels of land in cities depends upon the fact that they abut on a public thoroughfare. It is this which gives them so much value.

Nor does the fact that plaintiff has direct access to his property from Taylor avenue and the alley defeat this action. The fact that he has such access is one to be considered in estimating the damages to be awarded, for it is manifest the damages are not as great as they would be if the property had no side street. But the plaintiff is still entitled to recover whatever damages he sustained by the vacation of the street. This is too clear to call for further observation.

2. On the part of the plaintiff it is insisted the court erred "in deducting from the damages proved,"

the value of the portion of the vacated street, which reverted to him.

It seems to have been conceded on the trial that plaintiff owned to the center of Olive street, which was sixty feet wide. When the street was vacated the plaintiff became entitled to the exclusive ownership and use of this strip of thirty by sixty feet which was before a part of the street and subject to the public easement. To determine the damages sustained by the plaintiff, the inquiry should be, what was the value of the entire lot, just before the street was vacated, the thirty feet being in the street; and what was the value of the lot thereafter, the thirty feet being freed of the street easement. The difference in favor of plaintiff would be the amount of damages.

Now, evidence was produced sufficient to enable the court to estimate the damages on the basis just suggested. No instructions were asked or given, so we are not informed what rule for measuring the damages the court adopted, but the presumption is that the court adopted the correct rule, and this presumption must prevail as this record presents this case. It is true the court heard some evidence as to the value of this strip of thirty by sixty feet taken by itself, but no objection was made to it, until long after it had been admitted and no motion was made at any time to strike it out. The evidence having been received without objection, the plaintiff should have moved to exclude it. As this was not done, the admission of the evidence can not be assigned as error here, and hence it is useless to discuss the question whether or not the evidence was properly admitted. The judgment is affirmed. All concur.