CHRISTIAN, *Plaintiff in Error*, v. THE CITY OF ST. LOUIS *et al.*

Division Two, March 5, 1895.

1. **City:** ALLEY: PROPERTY RIGHT. An abutting owner has a property right in an alley in the rear of his lot.

2. ———: ———: ———: CHARTER: CONSTITUTION. The power conferred on a city by its charter to vacate an alley must be exercised subject to the constitutional provision, that private property shall not be taken or damaged for public use without just compensation.

3. ———: ———: ———: ———: INJUNCTION. Where its charter confers on a city the power to vacate alleys, injunction will not lie to restrain it from closing a vacated and unimproved alley, plaintiff's land being but a small part of the block through which the alley runs and all the owners in the block desiring it closed and plaintiff having an adequate remedy at law in an action for damages.

*Error to St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Louis A. Steber* for plaintiff in error.

(1) Plaintiff, as an abutting owner, has an easement (an incident of his title) of ingress and egress, and a right of way over the alley; depriving him thereof is a taking of private property, for private use, without due compensation. *Spencer v. Railroad*, 120 Mo. 154; *Brannon v. Rohmeiser*, 90 Ky. 48; *Gargan v. Railroad*, 89 Ky. 212; *Horton v. Williams*, 99 Mich. 423; *Lahr v. Railroad*, 104 N. Y. 268; *Moose v. Carson*, 104 N. C. 431; *Winchester v. Capron*, 63 N. H. 605; *McQuaid v. Railroad*, 18 Ore. 237. (2) Plaintiff's right as an abutting owner, to the use of this alley, is as much property as the lot itself. *Spencer v. Railroad*,

120 Mo. 154; *Gargan v. Railroad*, 89 Ky. 212; *Horton v. Williams*, 99 Mich. 423. (3) Streets and alleys are not to be vacated at the instance of individuals interested only in the acquisition of the vacated property. *Horton v. Williams*, 99 Mich. 423. (4) The city can not permanently contract away the streets, etc., for private purposes. *Ferrenbach v. Turner*, 86 Mo. 416. (5) Where an ordinance is unreasonable and oppressive it may be vacated by the courts for that reason alone. *Hannibal v. Tel. Co.*, 31 Mo. App. 23; *Corrigan v. Gage*, 68 Mo. 541; *Railroad v. City*, 85 Mo. 674; *Kelly v. Meeks*, 87 Mo. 401. (6) And whenever the city's power to pass an ordinance is in doubt, that doubt must be resolved against the corporation. *Lackland v. Railroad*, 31 Mo. 180; *St. Louis v. Co.*, 96 Mo. 623; *Wood on Nuisance* [3 Ed.], sec. 742. (7) Plaintiff is entitled to equitable relief. *Heitz v. St. Louis*, 110 Mo. 618; *Schopp v. St. Louis*, 117 Mo. 131; *Cummings v. St. Louis*, 90 Mo. 259; *Dubach v. Railroad*, 89 Mo. 483; *Glasgow v. St. Louis*, 87 Mo. 678; *Sheedy v. Brick Works*, 25 Mo. App. 527; *Horton v. Williams*, 99 Mich. 423; *Brannon v. Rohmeiser*, 90 Ky. 48; *Railroad v. Cape May*, 35 N. J. Eq. 419.

*W. C. Marshall, Lee & McKeighan* and *Lubke & Muench* for defendants in error.

(1) Ordinance number 16852, is a valid enactment. Paragraph 2 of section 26, article 3 of the city charter, confers upon the mayor and assembly, the right "to establish, open, vacate, etc., all streets, avenues, sidewalks, alleys, etc." This power being absolute, it remains a question for the municipal assembly to decide whether an alley shall be kept open or vacated, and the reasons which influence their action are not material. *State v. Clark*, 54 Mo. 36; *Railroad*

*v. City*, 85 Mo. 676; *Glasgow v. St. Louis*, 107 Mo. 198; *McGee's Appeal*, 114 Pa. St. 470; *Paul v. Carver*, 24 Pa. St. 207; *Riggs v. Board*, 27 Mich. 262; *Stuber's Road*, 28 Pa. St. 199; *Brady v. Shinkle*, 40 Iowa, 576; *Ellsworth v. County*, 40 Iowa, 571; *Carr v. Oskaloosa*, 45 Iowa, 275; *University v. Lexington*, 3 B. Mon. 25. *Fearing v. Irwin*, 55 N. Y. 486. (2) Plaintiff is not an abutting owner on Lynch street and therefore can not be heard to object to the validity of ordinance number 13225. Plaintiff's property is located five hundred and twenty two feet from Lynch street. Plaintiff has access to his property on Kosciusko street running north and south, and Dorcas street running east and west. He is, therefore, in no manner interested in the validity or invalidity of ordinance number 13225, which vacates Lynch street between Main street and DeKalb street, any more than any other citizen in the city of St. Louis. *Rude v. St. Louis*, 93 Mo. 408; *Canman v. St. Louis*, 97 Mo. 92; *Glasgow v. St. Louis*, 107 Mo. 198; *Fairchild v. St. Louis*, 97 Mo. 85; *Van De Vere v. Kansas City*, 107 Mo. 89; *Gates v. Railroad*, 111 Mo. 34. (3) Whether, therefore, Lynch street be regarded as temporarily vacated for a term of ten years from January 1, 1885, as provided by ordinance number 13225, or whether it be permanently vacated as provided by ordinance number 16852, is wholly immaterial in this case.

GANTT, P. J.—Plaintiff applied on September 13, 1892, to the circuit court of St. Louis for an injunction against the city and the two other defendants to restrain them from closing up an alley in the rear of his lot number 1, in 771, fronting twenty-five feet on the east side of Kosciusko street by a depth of 110 feet on the north side of Dorcas street to an alley fifteen feet wide, being the alley in controversy. All the remaining lots

and property in this city block on both sides of this alley (which runs north and south) are owned by defendant Heitz and Missouri Car and Foundry Company.

The ordinance vacating this alley is numbered 16852 and is in these words:

"An ordinance to vacate the north and south alley in city block seven hundred and seventy-one.

"Be it ordained by the Municipal Assembly of the city of St. Louis as follows:

"SECTION 1. The north and south alley in city block seven hundred and seventy-one, between Dorcas street and that portion of Lynch street closed by ordinance numbered thirteen thousand, two hundred and twenty-five, is hereby vacated, and the property shall revert to the owners of the adjoining ground. Approved August 10, 1892."

The annexed plat indicates.

Christian v. City of St. Louis.

LYNCH STREET,

Closed to January 1st, 1895, by Ord. 13225.

110 feet.                    129 feet, 11 in.

KOSCIUSKO STREET, not improved.
about 545 feet.

MISSOURI CAR AND FOUNDRY COMPANY.

F. W. HEITZ.

HENRY CHRISTIAN.

ALLEY 15 feet wide, not improved.

MISSOURI CAR & FOUNDRY CO.

F. W. HEITZ GLASS WORKS.

MAIN STREET.

110 feet.                    216 feet, 5 inches.

DORCAS STREET.

Plaintiff read the following ordinance also in evidence:

"ORDINANCE No. 13225.

"An ordinance to temporarily vacate certain streets and alleys.

"Be it ordained by the Municipal Assembly of the city of St. Louis, as follows:

"SECTION 1.   Louisa street, between First street and a point one hundred and fifty feet east of DeKalb street; Lynch street between First street and DeKalb street, and the two alleys and one street in block 767, and the alley twenty feet wide in block 758, for a distance of one hundred and fifty feet north from Louisa street, are hereby vacated as public streets and alleys for the period of ten years from the first of January, 1885, and no longer; provided, however, that the city reserve the right to maintain and repair all the sewers and water pipes now constructed and laid, or which it may hereafter construct and lay in said streets and alleys; and also reserves the right to construct any other sewers in said streets and alleys which it may desire at any time during said period of ten years.

"SEC. 2.   The city of St. Louis reserves the right to alter, amend or repeal this ordinance at any time. Approved March 14, 1885."

It further appeared from plaintiff's evidence that his said lot number 1 was a sink hole about fifteen or twenty feet deep; that he had owned it some thirteen years; that there were no improvements of any kind on the lot; that the alley in question had never been improved and is from ten to fifteen feet below grade.

No claim is made that any improper influences were brought to bear to induce the municipal assembly to vacate the alley.

The circuit court refused the injunction and plaintiff appeals,

The right of plaintiff, as an abutting owner to the alley in the rear of his lot was a property right. Of this there can be no doubt. *Spencer v. Railroad*, 120 Mo. 154; *Heinrich v. St. Louis*, 125 Mo. 424.

On the other hand the right of the city to vacate the alley is expressly conferred by charter. This power to vacate must be exercised subject to the constitutional provision that private property shall not be taken or damaged for public use without just compensation. That plaintiff has a clear legal remedy is without doubt. *Heinrich v. St. Louis*, 125 Mo. 424. Is he entitled to an injunction against the city?

It is not every infringement of private rights that calls for equitable interference. In *Bailey v. Culver*, 84 Mo. 531, the conditions precedent to equitable relief under very similar circumstances were thus defined: "The injury to the well established right must also amount to irreparable damage, incapable of being fully compensated by an action at law; a substantial, not an unimportant or trivial, injury, not disproportionate to the relief sought, nor when, if the relief prayed for were granted and the mandatory injunction should issue, the effect would be to inflict serious damage upon the defendants without doing the plaintiffs any material or practical good, nor where the decree would operate oppressively or *contrary to the real justice of the case.*" In other words, the writ is not to go as a matter of course, but only issues in the exercise of a wise discretion, and to prevent a wrong from which there is no full and adequate remedy.

When it is remembered that plaintiff's lot is on a corner, with access to two streets, and that it is only twenty-five feet front, and, although he has owned it fourteen years, he has never improved it in any manner; that it is a mere hole in the ground, fifteen or

twenty feet deep, and that this much prized alley has never been improved for travel, and is from ten to fifteen feet below grade, and that all the remaining property in the block is owned by the car company and Mr. Heitz, who desire it vacated, and when we consider further that if opened it would create a mere *cul de sac*, as it must terminate at Lynch street, which has also been vacated, it seems to us apparent that plaintiff's injuries resulting from vacating this alley are principally imaginary. To tax the whole block for the improvement and maintenance of this alley for the accommodation of plaintiff's one lot of twenty-five feet would be unjust to the other property owners and of scant benefit to plaintiff. Indeed, his own witness Gerlich testified: "It would benefit his lot to have the alley vacated."

We think, under the circumstances, plaintiff was rightly denied an injunction. The courts of law can afford him an adequate remedy for all his damages. The judgment is affirmed. BURGESS and SHERWOOD, JJ., concur.