LOUIS NASCHOLD, Appellant, v. CITY OF WESTPORT, Respondent.

Kansas City Court of Appeals, June 7, 1897.

**Municipal Corporations:** ABOLITION OF SIDEWALK. A municipality can not abolish a sidewalk in front of the owner's business property nor unreasonably narrow such sidewalk so as to destroy his rights without answering in damages.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND REMANDED.

*Leon Block, R. T. Railey*, and *C. W. Sloan* for appellant.

(1) The court erred in sustaining the demurrer to plaintiff's amended petition. *Carter v. Chicago*, 57 Ill. 283; *Heinrich v. St. Louis*, 125 Mo. 424; *St. Louis v. Hill*, 116 Mo. 527; *Lockwood v. R. R.*, 122 Mo. 86 (at pages 98 and 101); *Martin v. R. R.*, 47 Mo. App. 452; *City v. Linnard*, 97 Pa. St. 242; *In re Chestnut Street*, 118 Pa. St. 593; *Flynn v. Taylor*, 127 N. Y. 596; *Callanan v. Gilman*, 107 N. Y. 360; *Stack v. East St. Louis*, 85 Ill. 377; *Schulte v. Transp. Co.*, 50 Cal. 592; *Danville Co., etc., v. Campbell*, 87 Ind. 57; *Branham v.*

*Hotel Co.*, 39 O. S. 333; *R. R. v. Bourne*, 11 Colo. 59; *Southbend v. Paxon*, 67 Ind. 228; *Drake v. R'y*, 63 Iowa, 302; *R. R. v. Andrews*, 41 Kan. 370; *Chicago v. Taylor*, 125 U. S. 161; *Montgomery v. Townsend*, 80 Ala. 489; *Rogers v. Randall*, 29 Mich. 41. (2) The defendant was attempting in a high handed way to condemn enough of plaintiff's property to widen the street, and by widening the driveway and leaving him without any sidewalk, sought thereby to compel. him to move back his improvements and make a sidewalk upon his own property, and that without any compensation to him whatever for his damages. This it could not do. *City v. Linnard*, 97 Pa. St. 242; *In re Chestnut St.*, 118 Pa. St. 593. These cases are cited and quoted from with approval by our supreme court on this very point in *St. Louis v. Hill*, 116 Mo. 527 at 535. (3) The fact that plaintiff has a small place left for a sidewalk on his own private property is no defense. *Heinrich v. St. Louis*, 125 Mo. 424. (4) By the acts of the defendant as pleaded, the public generally is invited to drive over what was formerly plaintiff's sidewalk, and to throw the dust and mud from the different vehicles into plaintiff's shop, and pedestrians, including plaintiff's customers, have been compelled to use the opposite side of the street, almost totally destroying the value of plaintiff's property as business property.

*A. S. Marley* for respondent.

(1) General authority to construct or not to construct sidewalks not only authorizes their construction on streets where they do not exist, but also permits their removal when they already exist. Elliott on R. & S., p. 328; *Att'y Gen. v. Boston*, 142 Mass. 200; *Winter v. Montgomery*, 83 Ala. 589. (2) The action

of the city of Westport in improving the street by removing the walk, put down by the plaintiff without regard to the city's right to regulate such matters, is a control and exercise of power on the part of the city which was contemplated by parties interested when the street was opened and established. *Bldg. Ass'n v. Telephone Co.*, 88 Mo. 258; *Ferrenbach v. Turner*, 86 Mo. 416; *Funk v. City of St. Louis*, 122 Mo. 132; Elliott on R. & S., p. 529. (3) It was an improvement of the street in an ordinary, appropriate and reasonable mode deemed beneficial to the public good for which there is no liability. *Bldg. Ass'n v. Telephone Co.*, *supra; City of Morrison v. Hinkson*, 87 Ill. 587; *Ferrenbach v. Turner*, *supra*. (4) Mere inconvenience of access occasioned by a lawful use of the street is not the subject of an action. *Kellenger v. R'y*, 50 N. Y. 206; *Kane v. R. R.*, 125 N. Y. 164; *Gay v. Telephone Co.*, 12 Mo. App. 485; *Van DeVere v. Kansas City*, 107 Mo. 83. (5) The control exercised over the street affected the plaintiff only in the same manner it affected the public. *Rigney v. Chicago*, 102 Ill. 81; *Rude v. City of St. Louis*, 93 Mo. 408; *Fairchild v. St. Louis*, 97 Mo. 85. (6) It has been frequently held by the appellate courts of this state that a steam railroad lawfully built and operated upon a street in a city or town is not a nuisance for which a property owner can recover, yet such an interference would cause a much greater injury to abutting property owners than that complained of in this action. Elliott on R. & S., p. 535; *Porter v. R. R.*, 33 Mo. 128; *Randle v. R. R.*, 65 Mo. 325; *Cross v. R. R.*, 77 Mo. 318; *R. R. v. R. R.*, 97 Mo. 469; *Rude v. St. Louis*, 93 Mo. 408; *Mfg. Co. v. R. R.*, 113 Mo. 308; *Fairchild v. St. Louis*, 97 Mo. 385; *Canman v. St. Louis*, 97 Mo. 92; *Van Devere v. Kansas City*, 107 Mo. 83. (7) Damages, to be recoverable, must be real and substantial and must flow

from a sudden and extraordinary impairment of right of ingress. Bldg. Ass'n v. Telephone Co., 88 Mo. 258. (8) The presumption is that public officers, having no private interests to subserve, have not done a wrongful act to the injury of a citizen. Elliott on R. & S., p. 354.

ELLISON, J.—The plaintiff sued the defendant city for damages. The defendant interposed a demurrer to STATEMENT. the petition for the alleged reason that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and plaintiff refusing to plead further judgment was given for defendant.

The petition alleges, in substance, that plaintiff was the owner of a lot fronting on one of defendant's business streets. That he had a house on said lot, the rear portion being his residence and the front being a business house. That the front of his building was four or five feet back from the line of the street leaving that much space on his lot between the front of the house and the line of the street. That there was, up to a period of six months from the trespass complained of, a stone sidewalk thirteen feet wide. That about six months before the alleged trespass, plaintiff replaced said stone sidewalk with one of brick of equal width. That afterward defendant tore up said sidewalk and placed the curbing directly on the line of the street, thus leaving only the private space between plaintiff's house and the street. The petition in effect charges that the sidewalk was abolished and the space it occupied was thrown into the street proper.

In our opinion the circuit court erred in sustaining the demurrer. While the defendant city has jurisdiction over the sidewalks of the city, and MUNICIPAL corporations: abolition of sidewalk. may build and repair sidewalks at the expense of the abutting owner, section 1592, Revised Statutes 1889, and from this

power may, in a proper case, reconstruct a walk, yet the abutting owner has rights which must be respected. The plaintiff had a right or easement in the sidewalk which can not be destroyed without liability to him for consequent damages. This was so held in the case of a street vacated by the city of St. Louis. *Heinrich v. St. Louis*, 125 Mo. 424. There is no distinguishing difference between the street proper and a sidewalk, and so we apply the same rule to each.

But adjudications have been had as to sidewalks and it has been directly held that the property owner's rights in the sidewalk, peculiar to him over and above the general public, could not be interfered with, with impunity. *Carter v. City of Chicago*, 57 Ill. 283; *Rogers v. Randall*, 29 Mich. 41; *Irving v. Ford*, 65 Mich. 241.

It is not necessary in this case to discuss the question of the power of the city to make reasonable alterations in the width of walks. The point of decision is that the defendant city can not abolish the sidewalk in front of plaintiff's place of business, nor can it so unreasonably narrow such walk as to destroy plaintiff's rights, without answering in damages.

Judgment is reversed and the cause remanded. SMITH, P. J., concurs, GILL, J., absent.