KNAPP, STOUT & CO. COMPANY, Appellant, v. ST. LOUIS et al.

### Division One, May 15, 1900.

1. **Pleading**: CONCLUSIONS OF LAW: DEMURRER. The petition charges that an ordinance was passed "without legal warrant or authority of law," and was "a violation by the city of its duty as trustee," without specifying what the city did, or the manner of its procedure. *Held*, that such allegations are mere conclusions of law, and are not admitted by demurrer.

2. ———: FACTS HOW STATED. Under our practice act the pleader is required to make a simple statement of the facts constituting his grievance, to which he then prays an application of the law, and not his conclusions from those facts, or his judgment upon the result.

3. **Vacating Street**: INJUNCTION: ABUTTING PROPERTY OWNER. An injunction will not lie to restrain the enforcement of a city ordinance vacating a street when the petition does not allege that plaintiff is an abutting property owner.

4. ———: ST. LOUIS: EXPEDIENCY. The Municipal Assembly of the city of St. Louis has the power to vacate streets, and whether the street should be vacated or kept open is wholly a matter of expediency; and that is a question for the Municipal Assembly and not for the courts to decide.

5. ———: ———: CHARTER POWERS. The passage of an ordinance such as the one in question, comes within the legislative powers expressly delegated to the city by its charter, and, in the absence of fraud, that power will not be reviewed or controlled by the courts.

6. ———: ORDINANCES: FRAUD. The petition in this case contains no sufficient averment of fraud on the part of the city in passing the ordinance in question to overthrow the presumption that in passing such ordinance the city was actuated by proper motives.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

(1) By interposing the demurrers to appellant's petition the respondents conceded the truth of all the averments of the petition. Shields v. Johnson Co., 144 Mo. 77; Dodson v. Lomax, 113 Mo. 555; McGinnis v. Geo. Knapp & Co., 109 Mo. 131; Wolff v. Ward, 104 Mo. 127. And they thereby also conceded to be true the conclusions of fact drawn from the matters recited in the petition. Harman v. St. Louis, 137 Mo. 502; Nichols v. Nichols, 134 Mo. 187; Railroad v. Kenney, 41 Mo. 271. (2) The circuit court erred in sustaining respondent's demurrer. Sherlock v. Railway Co., 142 Mo. 172; State ex rel. v. Murphy, 134 Mo. 548; Railway v. People's Railway, 132 Mo. 34; Lumber Co. v. Railroad, 129 Mo. 455; Christian v. St. Louis, 127 Mo. 114; Knapp, Stout & Co. Company v. Railway, 126 Mo. 26; Heinrich v. St. Louis, 125 Mo. 424; Lockwood v. Railway Co., 122 Mo. 86; Schopp v. St. Louis, 117 Mo. 131; Gauss & Sons Mfg. Co. v. Railroad, 113 Mo. 308; Railway

v. Railway, 111 Mo. 666; Refining Co. v. Elevator Co., 82 Mo. 121; s. c., 101 Mo. 192; Glaessner v. Brewing Co., 100 Mo. 508; Glasgow v. St. Louis, 87 Mo. 678; s. c., 15 Mo. App. 112; Glasgow v. St. Louis, 107 Mo. 198; Cummings v. Louis, 90 Mo. 259; Bailey v. Culver, 84 Mo. 531; Railway v. Springfield, 85 Mo. 674.

B. *Schnurmacher* and *Chas. Claflin Allen* for respondent, the City of St. Louis.

(1) The ordinance vacating part of First or Main street is a valid enactment, because paragraph 2 of section 26 of article III of the charter of the city of St. Louis confers upon the mayor and municipal assembly the express power of establishing, opening, vacating, etc., all streets, avenues, sidewalks, alleys, etc. The power being express and absolute it is for the assembly and mayor to decide whether a street shall be kept open or vacated, and not for the courts. Glasgow v. St. Louis, 107 Mo. 198; Heinrich v. St. Louis, 125 Mo. 424; Christian v. St. Louis, 127 Mo. 109; City v. Clark, 54 Mo. 36; Railway v. Springfield, 85 Mo. 676. (2) Plaintiff's property, as appears from the face of the petition, does not abut or front upon that part of the street which the ordinance under consideration vacates. Plaintiff therefore is in no greater manner interested in the validity or invalidity of the ordinance which affects that part of the street, than any other citizen of the city of St. Louis. The injury to plaintiff, in order to enable him to maintain this action, must be special and peculiar to him, and different in kind, and not merely in degree, from the injury sustained by other members of the community. Glasgow v. St. Louis, 107 Mo. 202; Fairchild v. St. Louis, 97 Mo. 85; Rude v. St. Louis, 93 Mo. 408; Bailey v. Culver, 84 Mo. 531. (3) Plaintiff in this case is furnished a complete and adequate remedy at law, assuming it has any right

of action at all. Therefore injunction will not lie. Christian v. St. Louis, 127 Mo. 109; Heinrich v. St. Louis, 125 Mo. 424. (4) The allegations of the petition are not sufficient to amount to charges of fraud upon the part of the city officers in the enactment of the ordinance. They are mere conclusions and not averments of fact. Fraud must be pleaded specifically and not generally; enough facts must be recited to enable the court to conclude for itself whether fraud did or did not exist. Bliss on Code Pl., sec. 211; Smith v. Sims, 77 Mo. 269; Hoester v. Sammellmann, 101 Mo. 619; Mateer v. Railroad, 105 Mo. 320; Clough v. Holden, 115 Mo. 336; Bank v. Rohrer, 138 Mo. 369. (5) A demurrer admits only the facts which are well pleaded. Warder v. Evans, 2 Mo. 205; McKinzie v. Mathews, 59 Mo. 99; Bradley v. Franklin Co., 65 Mo. 638. (6) The last two propositions are especially applicable where, like here, the ordinance was passed pursuant to an express grant of power, and its mere enactment makes out a *prima facie* case in favor of its validity. Skinner v. Heman, 49 S. W. 1026; Morse v. Westport, 110 Mo. 502; Morse v. Westport, 136 Mo. 276.

*McKeighan, Barclay & Watts* for respondent, Mallinckrodt Chemical Works.

(1) A demurrer does not admit conclusions of law, or statements of law. Kleekamp v. Meyer, 5 Mo. App. 444; Bradley v. Franklin County, 65 Mo. 638; Fogg v. Blair, 139 U. S. 118; Kent v. Canal Co., 144 U. S. 75. (2) A demurrer admits traversable facts which are well pleaded, and nothing more. Warder v. Evans, 2 Mo. App. 205. (3) Motives of the municipal assembly in the passage of an ordinance, in the absence of any allegation of fraud, can not be inquired into. Glasgow v. St. Louis, 107 Mo. 198; Soon Hing v. Crowley, 113 U. S. 710. (4) Vacation of a public

highway by a municipal assembly of the city of St. Louis is the exercise of a legislative function delegated to it by the State. The discretion of the municipal assembly in the exercise of this legislative function, where fraud is not charged, is not subject to judicial review. Charter, City of St. Louis, art. 3, sec. 26, par. 2; Rev. Ord., City of St. Louis, 1892, p. 366; McCormack, Admr., v. Patchin, 53 Mo. 36; State v. Clark, 54 Mo. 36; Glasgow v. St. Louis, 107 Mo. 198; State ex rel. v. Schweickardt, 109 Mo. 496; Heinrich v. St. Louis, 125 Mo. 424; Christian v. St. Louis, 127 Mo. 109. (5) If an abutting property owner has sustained any special damage by reason of the vacation of the public highways on which his property abuts, he has a plain and adequate remedy at law. Heinrich v. St. Louis, 125 Mo. 424; Christian v. St. Louis, 127 Mo. 109.

ROBINSON, J.—This is a proceeding in equity begun in the circuit court of the city of St. Louis on November 7, 1896, to invalidate an ordinance passed on the fourth day of April, 1891, by the city of St. Louis, vacating a part of Main or First street between Mallinckrodt and Salisbury streets for a distance of one block and to enjoin the defendants from interfering with said portion of said street, and to require them to remove therefrom certain improvements placed thereon since the passage and approval of the ordinance in question. The petition, omitting the formal part, is as follows:

"The plaintiff, the Knapp, Stout & Co. Company is a corporation existing under the laws of the State of Wisconsin, and for many years last past has owned, and now still does own and possess, among other parcels of real estate in said city of St. Louis, a lot 60 feet in width, lying on the north side of Salisbury street, at a point where Main street, hereinafter named, runs into or intersects Salisbury street, so that said lot fronts also on Main street, as hereinafter

mentioned, at its northern terminus.     The defendant, the
city of St. Louis, is a municipal corporation, existing under
the laws of Missouri, its charter having been adopted Octo-
ber 22, 1876, and being a public act.     The defendant, the
Mallinckrodt Chemical Works, is also a corporation duly in-
corporated and existing as such, and one Edward Mallinck-
rodt is the president of said works, and at the time of the
passage of the ordinance hereinafter mentioned, and while
the same was pending before the municipal assembly of said
city, the said Mallinckrodt was authorized to act for and on
behalf of said Mallinckrodt Chemical Works in the matters
hereinafter alleged against said works.     That for many.
years prior to October 22, 1876, there existed, and now still
exists, in said city an open, public street or highway, of the
width of about 60 feet, extending from about Dorcas street,
in the southern suburbs of said city, northwardly to Salis-
bury street, a distance of more than 75 blocks, or about 5
miles.     That said street is called Main street or First street,
and in its course follows the meanderings of the Mississippi
river; and said street has, during all said time, been used by
the public as an open and complete public street and high-
way; that the owners of the ground fronting said street con-
structed their buildings along the eastern and western lines
of said street, treating the same as a public street, and the
defendant, the city of St. Louis, has during all said time, and
until the happening of the grievances hereinafter com-
plained of, used and treated said street as one continuous
street extending between the points aforesaid, and the dis-
tance aforesaid.     That defendant, the city of St. Louis, at
the times hereinafter mentioned, held, and now still holds
the title to said street as a continuous street extending be-
tween the points aforesaid in trust for the use of the public
of said city of St. Louis and especially in trust for the use
of the owners of property abutting or adjoining the same,
including the plaintiff hereinbefore named, by reason of the

plaintiff's ownership of said tract of ground fronting on said Main street, hereinbefore more particularly described.

"That heretofore the municipal assembly of defendant, the city of St. Louis, passed an ordinance numbered 16,093, which was approved by the mayor of said city April 4, 1891, and is in words and figures as follows:

" 'An ordinance for the vacation of First street between Mallinckrodt and Salisbury streets:

" 'Be it ordained by the municipal assembly of the city of St. Louis as follows:

" 'Section 1. First street between Mallinckrodt and Salisbury streets is hereby vacated. Approved April 4, 1891.'

"That by said ordinance the defendant the city of St. Louis does attempt to break the continuity of said Main street by vacating or attempting to vacate one block thereof extending from Mallinckrodt to Salisbury street, a distance of more than 300 feet, and a width of about 60 feet. That the ordinance aforesaid was not passed or approved for any public purpose, but was passed and approved at the instance of defendant the Mallinckrodt Chemical Works, acting therein by its president, Edward Mallinckrodt. That the defendant, the Mallinckrodt Chemical Works, is a private corporation, existing solely for the private gain of the shareholders thereof, and engaged in the business of manufacturing and selling chemicals and like commodities. That the sole and only purpose of said ordinance, hereinbefore set out, passed and approved as aforesaid, was, and is, to give to said defendant, the Mallinckrodt Chemical Works, the exclusive use and possession of said part of Main street lying between Mallinckrodt and Salisbury streets, and to the end that said Mallinckrodt Chemical Works may increase its capacity and the profits of its shareholders. That said part of said Main street lying between Mallinckrodt and Salisbury streets, and so by said ordinance attempted to be ceded or

given to said Mallinckrodt Chemical Works, would be, if private property, of the value of upwards of $20,000. That by and under color of said ordinance said Mallinckrodt Chemical Works has taken possession of said part of Main street lying between Mallinckrodt and Salisbury streets, is excluding the plaintiff and the public therefrom, and has erected permanent obstructions thereon, constituting in law a nuisance upon said highway. That the said ordinance of the municipal assembly of the defendant, the city of St. Louis, was passed by said assembly and approved by the mayor of said city, without any legal warrant or authority whatsoever therefor. That the attempt to destroy said part of said Main street mentioned in said ordinance, and to devote the same to the private use of the defendant, the Mallinckrodt Chemical Works, is a violation by said defendant, the city of St. Louis, of its duties as trustee, holding the title to said street as hereinbefore mentioned; and that the occupation and use of said part of said street by defendant, the Mallinckrodt Chemical Works, is wholly illegal. That the plaintiff has no adequate remedy at law, either for the recovery of damages, or otherwise, to prevent, or to be compensated for the injury already done them, and which may hereafter accrue to them because of the attempted destruction of the continuity of said Main street, and the appropriation by defendant, the Mallinckrodt Chemical Works, of said part thereof; and that the damages of the plaintiff in the premises are irreparable. That plaintiff, together with certain other parties, on May 2, 1891, instituted in this court against defendants, an action setting forth the foregoing facts, and praying the same relief as is hereinafter prayed, and that said former suit was dismissed without prejudice to plaintiff or its rights, on December 8, 1891. Wherefore the plaintiff now prays the court, as a court of equity, for a decree declaring as wholly null and void the said ordinance numbered 16093, approved April 4, 1891, entitled "An or-

dinance for the vacation of First street between Mallinck-rodt and Salisbury streets," in so far as said ordinance affects Main or First street between Mallinckrodt and Salisbury streets, enjoining and restraining defendants, their agents, servants, successors, assigns, and all who may come under them hereafter, from in any manner interfering with said part of Main street between Mallinckrodt and Salisbury streets, under or by color of said ordinance; and also that upon the final hearing of this cause, the court will, by its decree, require and enjoin upon defendants, their successors, assigns, agents, servants, and all who may come under them in the premises, the duty of removing from said part of said Main street any and all obstructions which defendants may now have, or which they, or any one under them, may here-after place upon said part of said Main street. So that upon the final hearing of this cause, this court will by its decree secure to the plaintiff and the public of said city, and all persons interested, the restoration of said part of said Main street as the same existed at the date of the passage and approval of the ordinance aforesaid. And the plaintiff also prays against the defendants judgment for their costs, and for such other and further relief as to the court may seem meet, etc."

The defendants demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were sustained by the circuit court, and plaintiff excepted and elected to stand on its peti-tion and declined to plead further. Thereupon the court below entered a final judgment for defendants, dismissing plaintiff's bill, and plaintiff, after the usual motion for a new trial, appealed.

. The defendants challenged the sufficiency of the peti-tion, contending that on the facts therein stated no right to injunctive relief or a decree annulling the ordinance in ques-tion is disclosed. The only question then presented by this

appeal is whether the court below erred in sustaining defendant's demurrer to the petition.   Stripped of conclusions of law and averments of immaterial facts, the truth of which is not admitted by the demurrer, the material allegations in the petition, in substance, are, as contended by counsel for defendants; "that on, and for many years prior to April 1, 1891, Main or First street was a public highway in the city of St. Louis, the northern end of which terminated at Salisbury street, opposite a lot of ground owned by the plaintiff; that on April 1st, the city of St. Louis, instigated thereto by the city's co-defendant, a private corporation, passed an ordinance vacating for a distance of one block all that portion of Main or First street south of plaintiff's premises; that the effect of the passage of said ordinance was to give the defendant chemical works, the exclusive use of that portion of the street so vacated; and that the latter company is still exercising such use, and has erected permanent obstructions thereon.

The allegations in the petition that the ordinance in question was passed "without any legal warrant or authority therefor;" that "the passage of said ordinance was a violation by the city of its duties as trustee;" that "the use by the chemical company of the vacated portions of the street is wholly illegal;" that "plaintiff has no adequate remedy at law;" and that "the damages of plaintiff are irreparable," are merely conclusions of law and not averments of facts, and as such are not admitted by the demurrer.

They are but the necessary conclusions which the court must draw from the averments of facts, which if properly made and proven, would warrant the decree sought herein. To permit the pleader to say that the ordinance in question was passed, "without legal warrant or authority therefor," or that the passage of said ordinance was "a violation by the city of its duty as trustee," etc., without specifying what the city did and the manner of its procedure is to disregard the

necessity for pleading facts and to ignore the office of the court and to substitute the pleader's judgment therefor. Under our practice act the pleader is required to make a simple statement of the facts, constituting his grievance, to which he then prays an application of the law; not his conclusion from those facts, or his judgment upon their result.

To entitle the plaintiff to any special relief, however, it is essential to show that it is an abutting property owner. While the petition alleges that the plaintiff's property fronts on Main street, still it is averred that the lot in question is on the north side of Salisbury street. The averments of the petition are that the vacated portion of Main street is south of Salisbury street, so that it may be said to affirmatively appear that plaintiff's property did not abut upon Main street. From the allegations of the petition it appears that before the passage of the vacating ordinance, Main street terminated south of plaintiff's property, and that the vacated portion of Main street only extended to the south line of Salisbury street. From this it must follow that plaintiff has failed to show that its property abuts on the vacated portion of Main street.

In Knapp, Stout & Co. Company v. City of St. Louis, 153 Mo. 560, this identical question, by the same plaintiff, regarding the same street in part, was directly before Division No. 2, and in an opinion by GANTT, C. J., it was there pointed out that to entitle the adjoining proprietors to injunctive relief, it was necessary to allege that such proprietors owned property fronting or abutting on a portion of the vacated street. To the same effect are the cases of Glasgow v. St. Louis, 107 Mo. 198; Rude v. St. Louis, 93 Mo. 408; and Fairchild v. St. Louis, 97 Mo. 85.

In this State the principle is also well established that in the absence of fraud (and the petition filed herein, as will be seen, makes no allegation of fraud), the passage of an

ordinance, such as the one in question, comes within the legislative powers expressly delegated to the city by its charter to vacate streets and alleys, and that power will not be controlled or reviewed by the courts.

The question was quite fully considered by this division in Glasgow v. St. Louis, 107 Mo. 198. In that case Glasgow and others, abutting property owners, instituted proceedings against the city of St. Louis and the Shickle H. & H. Iron Co., a corporation, to enjoin them from carrying into execution the provisions of an ordinance of said city vacating that part of Poplar street between Twelfth and Fourteenth streets, the, abutting property on each side of which was owned by the iron company. It was averred in the petition filed in that case that the officers and agents of the city combined with the iron company for the purpose of vacating the street, and converting it to the private use of the iron company and that the ordinance was passed in pursuance of such conspiracy. The court in that case after a full review of the authorities and an elaborate discussion of the petition, said: "Considerable evidence was reviewed by the trial court showing why and under what circumstances this vacating ordinance was passed. The rule of law is well established that the courts will not inquire into the motives of the legislature in enacting the law even when fraud and corruption is alleged. Cooley on Const. Lim. (5 Ed.) 225. But the rule is somewhat relaxed as to municipal bodies. Speaking of such bodies, it is said: 'We suppose it to be a sound proposition that their acts, whether in the form of resolutions or ordinance, *may be impeached for fraud* at the instance of persons injured thereby.' 1 Dill. Mun. Corp. (4 Ed.), sec. 311." After commenting on the evidence as to the purpose for which the ordinance was passed, the opinion proceeds, "Whether a street should be kept open or vacated was purely a matter of expediency, and this was a question for the municipal assembly and not for the courts

to decide......The charter of the city of St. Louis gives the mayor and assembly power, by ordinance, 'to establish, open, vacate, alter, widen . . . . . all streets, sidewalks, alleys,' etc. Under such power the municipal assembly may vacate a street or part of a street without any judicial determination. And such a power, 'when exercised with due regard to individual rights, will not be restrained at the instance of a property owner claiming that he is interested in keeping open the streets to the public.'" Again, in the same opinion it is further said: "The city has the power to vacate streets, and in the exercise of this power it can make no difference whether the public acquired the particular street by condemnation or dedication. In either case it is for the municipal assembly to say whether the public interest requires the street to be kept open. It is very true that the question, whether a certain use is public or private, is a question for the courts to determine. But it is for the assembly to say whether a given street shall be opened or vacated."

In speaking of the point under consideration Elliott in his work on Roads and Streets, 664, says: "Whether it is expedient to discontinue a highway is a question for legislative decision, and when the authority to discontinue is delegated to local officers and no restrictions are placed upon its exercise, the officers are vested with a very broad discretion, and unless this discretion has been abused the courts can not interfere. This is in accordance with the general rule that where officers are invested with discretionary power, courts will not substitute their judgments for that of the officers invested by law with the right to decide upon the necessity or expediency of doing a designated act."

In Heinrich v. St. Louis, 125 Mo. 424, it was expressly decided that the city of St. Louis had the power to vacate streets and alleys and that it was for the municipal assembly

and not the courts to say when that power was to be exercised.

In Soon King v. Crowley, 113 U. S. 703, a case involving the validity of an ordinance of the city of San Francisco regarding laundries, that court, through Mr. Justice FIELD said: "The petition alleges that it" (the ordinance in question) "was adopted owing to a feeling of antipathy and hatred prevailing in the city and county of San Francisco against the subjects of the emperor of China resident therein, and for the purpose of compelling those engaged in the laundry business to abandon their lawful vocation, and residence there, and not for any sanitary, police, or other legitimate purpose. There is nothing, however, in the language of the ordinance, or in the record of its enactment, which in any respect tends to sustain this allegation. And the rule is general with reference to the enactments of all legislative bodies that the courts can not inquire into the motive of the legislators in passing them, except as they may be disclosed on the face of the acts, or inferable from their operation, considered with reference to the condition of the country and existing legislation. The motives of the legislators, considered as the purposes they had in view, will always be presumed to be to accomplish that which follows as the natural and reasonable effect of this enactment. Their motives, considered as the moral inducements for their votes, will vary with the different members of the legislative body. The diverse character of such motives, and the impossibility of penetrating into the hearts of men and ascertaining the truth, precludes all such inquiries as impracticable and futile."

In the more recent case in our own State, of Christian v. St. Louis, 127 Mo. 109, where it was sought to enjoin the closing of an alley vacated by an ordinance of the city of St. Louis, this court said: "The right of plaintiff, as an abutting owner to the alley in the rear of his lot is a property

right......On the other hand the right of the city to vacate the alley is expressly conferred by charter. This power to vacate must be exercised subject to the constitutional provisions that private property shall not be taken or damaged for public use without just compensation. That plaintiff has a clear legal remedy, is without doubt." The court, however, in so asserting itself, held that the plaintiff was not entitled to an injunction against the city to enjoin the closing of the alley, remarking in the concluding paragraph of its opinion that "the courts of law can afford him an adequate remedy for his damages."

In the Knapp-Stout & Co. case above mentioned, the relief sought was based upon the fact that the vacating ordinance was not passed for public purposes; that its sole purpose was to give the St. Louis Stamping Co. the vacated street. That case in all its essential features is identical with this case, and there as here, it appeared that the vacating of the street would result in enabling the St. Louis Stamping Company to extend its factory over the vacated portion of the street.

The conclusion was, however, there reached by the court that such use of the vacated street was no evidence of fraud, and we concur in the conclusion announced therein. It follows, therefore, that the city has ample power to vacate the portion of the street in question, and as there is no sufficient averment of fraud to overthrow the presumption that in passing the vacating ordinance, the city was actuated by proper motives, the circuit court committed no error in sustaining the demurrer upon that ground.

The judgment is, therefore, affirmed. All concur, except *Marshall, J.,* not sitting, having been of counsel.