BEVERLY A. DYER, Respondent, v. CHARLES A. HUGHES, Appellant.

St. Louis Court of Appeals, May 7, 1901.

1. **Practice, Trial: INSTRUCTIONS: PRESUMPTION: DAMAGES.** Where no instructions were asked in the trial court as to damages, the presumption is that the court adopted the proper rule on that subject.

2. **Pleadings: THIRD PETITION: RECORD.** Where it is not shown by the record that three petitions in a cause had been adjudged insufficient upon adversary pleadings, as provided by Revised Statutes 1899, sections 622, 623, the matter will not be considered by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

Dyer v. Hughes.

STATEMENT OF THE CASE.

This is an action for a breach of contract between defendant and one Irvine as parties of the first part, and plaintiff as party of the second part, whereby the parties of the first part agreed to sell to plaintiff one hundred shares of the common stock of a certain corporation at ten cents on the dollar; one-half payable in cash, the other half on December 1, 1893. Among other things, the contract contained the following clause:

"Said parties of the first part hereby guarantee to party of the second part, that the earnings of said one hundred shares will repay the purchase price of the stock hereby sold, together with the six per cent interest on the same by January 1, 1895."

The petition alleges that by the subsequent direction of defendant, plaintiff was required to retain the purchase price specified in said contract and pay out the same as requisition therefor should be made by the parties of the first part, in pursuance of which plaintiff paid out six hundred and eighty-four dollars and thirty cents, and proffered to pay out the remainder of the purchase price, but was forbidden by defendant to do so. It further alleged that the corporation issuing said stock was insolvent, had discontinued business and that no earnings had been realized upon any of its stock. Wherefore, there was a prayer for judgment.

There was evidence adduced on the trial tending to prove all the allegations made in the petition. There was evidence for defendant, denying many of said allegations.

The case was submitted to the court without a jury. No instructions were asked or given, except a request by defendant at the conclusion of the trial for a declaration of law that no recovery could be had in this action, which was refused. The court rendered judgment for plaintiff for the amount paid out by him in pursuance of this agreement to purchase, as modified

by the subsequent agreement that the purchase money should be supplied as called for by the parties of the first part. Defendant appealed.

*Charles M. Napton* for appellant.

(1) The instruction for a non-suit asked at close of plaintiff's case, should have been given. This being an action against a guarantor, is governed by the well-established principle that "a claim against a guarantor is *strictissimi juris* and the writing, when free from ambiguity, is the sole criterion to fix the limits of his engagements." Mitchell v. Railton, 45 Mo. App. 273; Suits v. Taylor, 20 Mo. 166; Houts v. Bredwill, 28 Mo. 644; Christy v. Price, 7 Mo. 430. In order for any recovery to be had, the plaintiff must first show that he complied with his part of the contract and paid the $1,000 in the way agreed on, or a good and legal excuse for not having done so. Doyle v. Turpin, 57 Mo. App. 84; Downey v. Burke, 23 Mo. 228. (2) The plaintiff mistakes his cause of action under the contract, and fails to prove his real measure of damages thereunder. "In an action on a guaranty that certain railroad stock would pay annually six per cent dividends for a period of three years, the measure of damages is the difference between the actual value of the stock transferred and one that would yield six per cent dividends for three years." Shuthers v. Clark, 30 Pa. St. 210.

*Carter & Sager* for respondent.

(1) While the word "guarantee" is used in the contract in question, and "guaranty" indiscriminately in the record and brief of appellant, the contract is not one of guaranty. A guaranty presupposes an agreement of another party, the principal.

to which the undertaking of guarantor is but collateral. "A guaranty is an undertaking by one person that another shall perform his contract or fulfill his obligation, and that if he does not the guarantor will do it for him." Gridley v. Capen, 72 Ill. 13. (2) The only agreement that this stock would pay the principal and six per cent interest between the date of its purchase (October 27, 1893) and January 1, 1897, was that of defendant and L. C. Irvine. The company was under no obligation to pay anything on the stock; certainly under none to pay such extraordinary dividends. It was defendants original undertaking. The distinction has been made in cases similar to this, in which the statute of frauds was invoked on the theory that the promise was one to answer the debt, default or miscarriage of another. Morehouse v. Crangle, 36 Ohio St. 130; Hill v. Smith, 21 How (U. S.) 285; Green v. Brookins, 23 Mich. 48; Firth v. Stanton, 1 Sander, 211. "When, in a law case, both the facts and the law are left to the court, the appellate court will assume the facts to be as found in the court below." Hamilton v. Boggess, 63 Mo. 233. "If there be any legal evidence in the case which tends to uphold the findings and judgment of the court below, the appellate court will not interfere with the finding of the lower court as to the facts." Tucker v. Railroad, 54 Mo. 177; Waddell v. Williams, 50 Mo. 216. (3) His second point is also predicated upon the erroneous assumption that the contract was a guaranty, and that Irvine was the principal and Hughes the guarantor. The attitude of both Hughes and Irvine is the same. They appear jointly in the contract, and there is nothing in the proof that changes their relation. They were joint owners of the stock sold, and partners in the profits. If it can be said that Hughes was principal and Irvine the accessory, it can be with equal force asserted that Irvine was the principal and Hughes the guarantor.

BOND, J.—The record presents but one point for review, which is, was there any substantial evidence tending to support the finding of the trial court? The testimony of plaintiff and the testimony of Irvine, one of the parties of the first part, tended to prove the execution of the contract in suit; the use of the money paid by the plaintiff to said Irvine on behalf of the corporation issuing the stock and in promotion of its objects; the cessation of payments by plaintiff upon an instruction to that effect given by defendant; that the corporation itself never became a going concern, but was entirely abandoned, and that no earnings were made by it. The only evidence to the contrary is that of defendant, which is not altogether reconcilable as to his understanding of the contract, with the written terms and provisions contained therein, which it is admitted he signed. He further admitted that he advised plaintiff to cease making further payments, but claims that he thought plaintiff's previous payments were personal advances made by him and not rendered in compliance with the terms of the written agreement. The trier of the fact adopted the view sustained by the evidence for plaintiff and the terms of the written contract. This being sufficient to support a recovery, there was no error in overruling the demurrer to the evidence interposed at the end of the trial.

Appellant submits, in his brief, propositions of law governing the undertakings of guarantors and sureties. As no declarations of law embodying these views were submitted in the lower court and refused by it, we must assume that the court comprehended the law on this subject and correctly applied it to the facts.

It is also insisted by appellant that the court incorrectly admeasured the damages to which appellant was entitled, in that it failed to allow him the difference in value which the stock he agreed to buy would have borne if the guaranty as to

the earnings had been fulfilled, and its actual value at the date fixed by said guaranty, to-wit: January 1, 1895. Plaintiff recovered the amount paid out by him with six per cent interest. No instructions were asked on the subject of damages. The presumption is, therefore, the court adopted the proper rule on that subject. Heinrich v. City of St. Louis, 125 Mo. 424. At any rate, had the suggestion by appellant been adopted, it would only have increased the damages recovered by plaintiff. Appellant, therefore, is not prejudiced by the assessment of damages at the amount paid by respondent, together with interest.

Something is said in the brief of appellant about the case having been tried upon a fourth petition. It is not shown by the record that three petitions in this cause had been adjudged insufficient upon adversary pleadings. The point presented is, therefore, untenable. R. S. 1899, secs. 622, 623.

It follows the judgment herein is affirmed. All concur.