KINGSHIGHWAY SUPPLY COMPANY et al. v. BANNER IRON WORKS, ERNEST C. F. KOKEN, Trustee, and CITY OF ST. LOUIS, Appellants.

Division One, December 2, 1915.

1. CITIES: Vacating Alley. Subject to the constitutional inhibition against taking or damaging private property for a public use, the city of St. Louis, under its charter, has the power and authority by ordinance to vacate an alley.

2. ————: ————: Abutting Property. Property abutting on a public alley is property abutting along its sides, and not property that lies along the rear end of an alley extending into but not through a block.

3. ————: ————: Right to Injunction: No Abutting Property. The owners of land which lies only along the rear end of a

public alley extending into a block, not being abutting owners, will, if the alley is vacated, sustain only such damages as are common to the public generally, and are not therefore entitled to a decree nullifying an ordinance vacating the alley.

4. ———: ———: **Abutting Property: Special Taxes.** *Held,* *arguendo,* that, in the absence of an express statute to the contrary, only such property as fronts along the side lines of a street or alley is chargeable with the costs of a public improvement therein, and land whose side line lies along the rear end of a blind alley is not so chargeable.

Appeal from St. Louis City Circuit Court.—*Hon. C. C. Allen,* Judge.

REVERSED AND REMANDED (*with directions*).

*Schnurmacher & Rassieur* for appellants.

(1) When the ordinance was passed, vacating the alley in question, the city of St. Louis, by the charter then in force, was vested with full power "to establish, open, vacate, alter, widen, extend, pave or otherwise improve, and sprinkle, all streets, avenues, sidewalks, alleys, wharves and public grounds and squares and provide for the payment of costs and expenses thereof, in the manner in this charter provided." Former Charter of St. Louis, art. 3, sec. 26, par. 2; Realty & Inv. Co. v. Deere & Co., 208 Mo. 66; Knapp-Stout & Co. v. St. Louis, 153 Mo. 560; Knapp-Stout & Co. v. St. Louis, 156 Mo. 344; Christian v. St. Louis, 127 Mo. 109; Heinrich v. St. Louis, 125 Mo. 424; Glasgow v. St. Louis, 107 Mo. 198. The city possesses the same powers under its present charter. Present Charter of St. Louis, art. 1, sec. 1, par. 14. And possesses this power respecting streets and public places dedicated under the Town Plat Act before the adoption of the Scheme and Charter. Glasgow v. St. Louis, 107 Mo. 198. (2) The power to vacate streets and alleys being expressly conferred upon the city, and absolute, it was for the mayor and assembly to determine whether the alley,

extending through part of a city block only, should be kept open or vacated in whole or in part, and not a question for the courts. Gorman v. Railroad, 255 Mo. 483. (3) Where a municipal corporation exercises a power expressly granted, as distinguished from one merely incidental to its power as a municipality, and therefore implied, the motives of the municipal authorities will not be inquired into by the courts and the courts will not interfere, unless it appears that an ordinance passed in pursuance of such power is the result of fraud or the product of legislative whim or mere caprice. Swinner v. Heman, 148 Mo. 355; Dillon's Municipal Corps. (5 Ed.), secs. 5801, 1160, p. 1839, note; McQuillin's Municipal Corps., sec. 703. (4) Where, in the honest judgment of the public authorities, in whom the discretion is vested, the vacation of a street or alley is for the public good, it can make no legal difference that private interests are also benefited. It may be that such private advantage redounds to the welfare of the general public. These are questions of legislative expedience and for the decision of the municipal officers; not for the courts. Glasgow v. St. Louis, 107 Mo. 203; Kansas City v. Hyde, 196 Mo. 508; McQuillin's Municipal Corps., sec. 1403, p. 2988. (5) So much of the ordinance as provides that the. vacated alley shall revert to the abutting property, is mere surplusage, and only declaratory of the law itself. Dillon's Municipal Corps. (5 Ed.), sec. 1160, p. 1839, note; Improvement Co. v. Railway, 255 Mo. 519; Thomas v. Hunt, 134 Mo. 392. (6) The fact that the ordinance requires the abutting owners to compensate the city for the vacated ground, does not invalidate the ordinance. The modern conception is to require such compensation from those who derive an incidental benefit. Having the absolute power to vacate, the city could vacate conditionally. Patton v. Rome, 124 Ga. 525; Investment Co. v. Frazier, 137 Mich. 108. (7) The property of plaintiffs

does not abut the alley, nor was the alley ever a part of their property. Neither the front nor rear of their lot is bounded by the alley, nor does the alley parallel or run along either of their side lines. The alley is *cul-de-sac* through part of the block and "dead-ends" against the north side of the property of plaintiffs. Plaintiffs, therefore, are not abutting owners. Realty Co. v. Police Jury, 127 La. 318. Whatever damage plaintiff sustained by the vacation of the alley was in common with the public generally, differing at most in degree and not in kind. To enable plaintiffs to maintain an action, either at law or in equity, it was necessary to plead and prove a damage special and peculiar to themselves. Realty & Inv. Co. v. Deere & Co., 208 Mo. 66; Knapp-Stout & Co. v. St. Louis, 156 Mo. 344; Knapp-Stout & Co. v. St. Louis, 153 Mo. 560; Glasgow v. St. Louis, 107 Mo. 198. And the fact that plaintiffs may be compelled, after the vacation of the alley, to pursue a somewhat longer route to reach their property from its street front, constitutes no peculiar or different injury. Zettel v. West Bend, 79 Wis. 316; Clark v. Railway, 70 Wis. 593. (8) If plaintiffs have been unlawfully injured, they have a complete and adequate remedy at law in an action for damages. Therefore they are not entitled to relief by injunction. Christian v. St. Louis, 127 Mo. 109.

*John L. Corley* for respondents.

(1) "The alley in each block is a complete entity in itself and it is immaterial to the owners of the property in one block whether there is an alley in the next or any other block or not, and, likewise, immaterial to the general public whether there are any alleys or not. It seems to us that it is plain that abutting property owners on an alley have property rights in the entire alley not shared by the general public." Corby v. Railway, 150 Mo. 457; Faust v. Hope, 132 Mo.

App. 287; Dries v. St. Joseph, 98 Mo. App. 611. The case of Christian v. St. Louis, 127 Mo. 109, was decided on the equities involved and not in contravention of any of the principles contended for herein. The owner of property in the block where a public alley is situated has rights independent of any reversionary interests, and regardless of whether their property abuts on the portion of the alley sought to be closed. This is the right to a means of egress and approach over the alley. Christian v. St. Louis, 127 Mo. 109; Bailey v. Culver, 84 Mo. 531; Corby v. Railway, 150 Mo. 457. The plaintiffs in this case have no adequate remedy at law. A mere causal examination of the location of their property demonstrates this fact, and a court of equity in the exercise of a wise discretion has the right to intervene to prevent a wrong which has no full and adequate remedy. Christian v. St. Louis, 127 Mo. 109; Bailey v. Culver, 84 Mo. 531. (2) While the city has the general power to close streets and alleys, it is also within the province of the courts to say whether the use for which it was closed is public or private or whether any private rights have been invaded. Gorman v. Railroad, 255 Mo. 483; Kansas City v. Hyde, 196 Mo. 498; Mining Co. v. Joplin, 124 Mo. 129; Smith v. McDowell, 148 Ill. 51; State v. Franklin, 133 Mo. App. 493; Glasgow v. St. Louis, 107 Mo. 198; Aldridge v. Spears, 101 Mo. 400. (3) There is no basis to the contention raised in the trial of this case that the portion of the alley closed does not abut the property of the plaintiffs. No distinction is made in any of the decisions between the ordinary accepted meaning of the word abut and its legal significance. The New Century dictionary defines the word as follows: "To touch at the end; to be contiguous; joined by a border or boundary; to terminate; against or in contiguity with, to impinge upon." And illustrates the word "abuttal" thus: "That piece of land that abuts on, or is con-

tiguous to another; a boundary, a line of contiguity.''
(4) Equity looks to the substance rather than to the
form and looking to the substance of ordinance No.
25203 it is plain upon its face that the closing of this
alley was conditioned upon the payment of two hun-
dred dollars to the city by the appellants.  Section 2
says: ''The owners of said abutting land shall pay to
the treasurer the sum of $200 within thirty days after
the passage of this ordinance, otherwise said ordi-
nance shall be null and void.''  This clearly left the
power to say whether the alley should be vacated or
not in the hands of this private corporation.  The Mu-
nicipal Assembly has no authority to so delegate its
power.  Merchants Exchange v. Knott, 212 Mo. 616;
Neill v. Gates, 152 Mo. 585; Kansas City v. Bacon,
147 Mo. 259; Ruggles v. Collier, 43 Mo. 353.  (5) The
provision that ''the owners of said abutting land shall
pay to the treasurer the sum of $200.00 within thirty
days after the passage of this ordinance, otherwise
said ordinance shall be null and void,'' plainly makes
the transaction an attempted sale to the appellants of
the portion of the alley closed.  This the city is with-
out authority to do.  Kansas City v. Hyde, 196 Mo.
498; State v. Franklin, 133 Mo. App. 493; Smith v.
McDowell, 148 Ill. 51, 22 L. R. A. 395; Watsen v. Gut-
man, 24 L. R. A. 403; Harten v. Williams, 99 Mich. 429;
Deland v. Powder Co., 205 Ill. 217.  While it is con-
tended  that to close a street or alley upon the pay-
ment of a consideration by those who will be benefited
''is the modern tendency,'' such proceedings have
never had the sanction of the courts of this State and
have been frequently condemned as intolerable in
many other jurisdictions.  See cases cited above, also:
Louisville v. Bannan, 99 Ky. 74; Hammer v. Eliza-
beth, 67 N. J. L. 129.  (6) But the city of St. Louis
has no power to divest plaintiffs of their rights ex-
cept by virtue of the law that existed when these

rights were acquired. Glasgow v. St. Louis, 15 Mo. App. 112; Price v. Thompson, 48 Mo. 361. The law provided how streets and alleys should be vacated at the time this dedication was made. This law was known as the Town Plat Act, which provided the manner in which maps and plats of cities, towns, villages and additions, both incorporated and unincorporated, should be filed. G. S. 1866, chap. 44, sec. 8; R. S. 1879, sec. 6573; R. S. 1909, sec. 10294. This alley was dedicated to the public at the time it lay outside of the city limits of St. Louis and the title vested in the county of St. Louis "for the use and purpose aforesaid and none other." Cameron v. Stephenson, 69 Mo. 373. The rights of respondents did not come through the exercise of the power of eminent domain by the city, but came through grant, and the city is without authority to deprive the respondents of these rights in any manner except as provided by law at the time these rights vested. Price v. Thompson, 48 Mo. 361; Warren v. Lyons City, 22 Iowa, 355; Railway v. Portland, 14 Ore. 196; Ruthford v. Taylor, 38 Mo. 315; Cummings v. St. Louis, 90 Mo. 259.

WOODSON, J.—The plaintiff, the Kingshighway Supply Company, the owner of certain real estate situate in City Block No. 4095, fronting on Kingshighway, and the Union Sand & Material Company, its lessee, brought this suit in the circuit court of the city of St. Louis, against the Banner Iron Works and Ernest C. F. Koken, trustee, also owners of property in said City Block 4095, and the city of St. Louis, to secure a decree nullifying an ordinance of said city, known as Ordinance No. 26203, vacating a portion of the north-and-south alley which runs partly through said block.

The trial resulted in a decree in favor of the plaintiff, adjudging the ordinance void, enjoined the de-

fendants from closing the alley, and commanding them to remove all obstructions they may have placed therein. From this judgment the defendants properly appealed the cause to this court.

The facts of the case are very well stated by counsel for respondent, in the following language:

"All of the properties of the parties hereto are located in City Block 4095. It came down from the common grantor, Henry Shaw. The property of plaintiffs was sold by Henry Shaw to Edwin Berger in 1854; the plat thereof showing its subdivision into lots was recorded in 1855. The property of defendants in the same city block was sold by Henry Shaw to Francis Cooney in 1842, and the same was platted and a strip on Shaw avenue and the alley involved in this suit was dedicated to the public forever in 1872. This was while the property lay outside of the limits of the city of St. Louis. The north line of Shaw's grant to Berger, which is now the property of plaintiffs, was the south line of Shaw's grant to Cooney, which is now the property of defendants. The alley in question extends from Shaw avenue south to this line, abutting the north line of plaintiffs' property, about 192 feet east of the east line of Kingshighway and 170 feet west of the west line of the St. Louis and Oak Hill Railroad.

"This alley is the only rear outlet to plaintiffs' property, which has an undisputed value of $30,000. This alley was used as a means of egress and approach to the rear portion of plaintiffs' land for a period of over twenty-five years, and at times has been the only means of egress and approach to plaintiffs' property with wagons and teams. Ordinance number 26203 was designed to close that portion of the alley abutting plaintiffs' property and to turn the same over to defendants herein.

"The plaintiffs allege in their petition that the vacation of the alley upon which their property abuts serves no public purpose; that it was passed solely for the benefit of the Banner Iron Works; that it takes away plaintiffs' only means of egress and approach to the rear portion of defendants' property; that the rights acquired by the plaintiffs established a special easement in said alley through the grant in the original dedication, which cannot lawfully be taken away from them by the city of St. Louis in the manner in which this ordinance was passed; that the attempted passage of this ordinance deprives plaintiffs of their private rights to use this alley without any compensation; that the passage of this ordinance conditioned upon the payment of $200 by the defendant is the attempted sale of public property and plaintiffs' private rights therein to private individuals; that the closing of this alley would do the plaintiffs an irreparable injury for which they have no adequate remedy at law; that the ordinance is unjust, oppressive and unreasonable, and in contravention to plaintiffs' constitutional rights.

"The answer, after a general denial, admits the dedication of the alley in question for public use and the filing of the survey and plat in the Recorder of Deeds' office in the county of St. Louis; admits the passage of the ordinance and admits the payment by defendants of the consideration therein named of $200, and pleads that upon the payment of said $200 thereby said alley had been duly vacated. There is no affirmative plea that the plaintiffs were not abutting property owners to that portion of the alley closed."

One of the disputed facts is that the respondents' property abuts upon the alley proposed to be vacated.

The following plat will throw much light upon the questions involved:

WEST

Kingshighway

Kingshighway
Supply Co.

Ernest C. F Koken,
Trustee

St. Louis, Oak Hill and Carondelet R. R

Alley 15 Feet Wide

Banner Iron Works

Shaw Avenue

NORTH

SOUTH

Old Manchester Road

EAST

I. From the statement of the case it will be seen that the questions of fact and law presented by this record are embraced in a very narrow com-pass; and that the determination of the ques-tion of fact, as to whether or not the property of respondents fronts on the alley, practically disposes of the proposition of law here presented for adjudication.

**Power to Vacate Alley.**

Barring all constitutional questions, it goes with-out saying, that the city of St. Louis, under its char-ter, had the power and authority to enact the ordi-nance in question, and vacate the alley mentioned. [Former Charter of the City of St. Louis, sec. 26, para-graph 2 of article 3; and present Charter of said city, sec. 1, paragraph 14 of article 1; Knapp, Stout & Co. v. St. Louis, 153 Mo. 560; Knapp, Stout & Co. v. St. Louis, 156 Mo. 343; Christian v. St. Louis, 127 Mo. 109; Heinrich v. St. Louis, 125 Mo. 424; Glasgow v. St. Louis, 107 Mo. 198.]

As was said by this court in the case of Gorman v. Railroad and the City of St. Louis, 255 Mo. 483, "This power [of the city] is full and complete; con-stituting the city the sole judge when the streets shall be opened or closed for public travel, subject, how-ever, to the constitutional inhibition against taking or damaging private property for public use."

We will, therefore, pass this question, as having been fully settled by the repeated decisions of this court.

II. The next question presented is, does the prop-of the respondent abut upon the alley men-tioned within the legal significance of that term?

**What Is Abutting Property?**

Counsel for respondents cite and rely upon the following authorities as supporting the affirmation of this proposition: Corby v. Chicago, Rock Island &

Pacific Ry. Co., 150 Mo. 457; Faust v. Hope, 132 Mo. App. 287; Dries v. St. Joseph, 98 Mo. App. 611.

I am perfectly familiar with these cases, having tried the first and last while one of the circuit judges at St. Joseph.

In all three of those cases the property of the respective plaintiffs abutted the alley mentioned, that is, they ran back to and the rear ends thereof fronted upon the sides of the alley, and not at the end thereof, as does the property in this case. For that reason they are not in point here.

Upon the other hand, counsel for appellants cite us to the case of Friscoville Realty Co. v. Police Jury, 127 La. 318, as sustaining the proposition that property situate at the end of an alley is not an abutting property within the meaning of the law. In discussing this question the Supreme Court of Louisiana, in that case said:

"The sugar refinery is not an abutting owner' is one of the plaintiff's grounds.

"This is another ground fatal to the defense.

"In considering this point, we noted that the sugar refinery's property (one of the petitioners) is at the end and not along the road.

"It follows that its owners have no interest in any part of the public road over which it is the contemplation to locate the car line. As we read the statute before cited, the owners of property have the right to sign, as they are the owners of one-half the abutting road; not so with the sugar refinery."

In our opinion that case announces the proper doctrine in such cases, and if followed by this court, then the respondent has no right, title or interest in or to the alley in question; and would, therefore, if the alley is vacated, sustain only such damages as are common with the public generally.

Before the respondents are entitled to the relief prayed they must plead and prove that they are spe-

cial and peculiar damages different from those sustained in common with the public generally. [Cummings Realty & Investment Co. v. Deere & Co., 208 Mo. 66; Knapp, Stout & Co. v. St. Louis, supra; Knapp, Stout & Co. v. St. Louis, supra; Glasgow v. St. Louis, supra.]

The ruling of the Supreme Court of Louisiana in the case mentioned is in harmony with the general statutes and adjudged cases of this State, in this: That when petitions are to be signed and presented for street improvements and tax-bills are issued in payment for such improvements, only such property-owners who own property fronting on the side lines of the street or alley can legally sign such a petition, and only such property, in the absence of an express statute to the contrary, which fronts· upon the side lines of the street or alley is chargeable with the cost of such improvements.

I know of no adjudication to the contrary. But if counsel for respondents are correct in their contention that their land abuts the alley in question, then unquestionably the owners thereof might lawfully petition for the improvement of the same, and if improved their property would be taxable to pay for said improvements.

And suppose respondents' said property is taxable for all improvements which should be made in said alley, then by what rule should their proportional part of the cost thereof be ascertained and determined, to say nothing of the city's constitutional power to tax it for special benefits.

Clearly there is no such rule.

Moreover, it is the settled law of this State, in the absence of an express statute to the contrary, that the abutting property fronting upon the side lines of a street or alley is taxable for the entire cost of the construction, and each piece of property is taxable in proportion to its frontage thereon, which, of course,

would leave no sum whatever, to be taxed to the property abutting upon the end of a street or alley.

For the reasons stated, we are clearly of the opinion that respondents are not entitled to the relief prayed; and we, therefore, reverse the judgment and remand the cause with directions to the circuit court to dismiss respondents' bill. All concur.