ARCADIA REALTY COMPANY ET AL., Appellants, v. CITY OF ST. LOUIS ET AL.—30 S. W. (2d) 995.

Division One, September 4, 1930.

*Buder & Buder, G. A. Buder, Jr.,* and *E. E. Showengerdt* for appellants.

*Cyrus Crane, W. G. Carpenter* and *Geo. C. Mackay* for Atchison, Topeka & Santa Fe Railway Company.

RAGLAND, J.—This is a suit to enjoin the vacation of parts of certain streets and alleys in the city of St. Louis and the erection of buildings thereon, pursuant to an ordinance of said city enacted July 7, 1928. The plaintiffs are the Arcadia Realty Company, G. A. Buder, Jr., William F. Buder, F. B. Versteeg, W. B. Versteeg,

Versteeg Warehouse & Transfer Company, Albert Theis and Emma Theis; they own divers and sundry parcels of ground in the vicinity of the streets and alleys proposed to be vacated. The defendants are the city of St. .Louis, Terminal Railroad Association, Union Depot Company of St. Louis and Atchison, Topeka & Santa Fe Railway Company; the defendants, other than the city of St. Louis, own all of the lots which abut on the streets and alleys to be vacated. The defendants demurred to the petition in the court below and their demurrer was sustained. Plaintiffs refused to further plead and judgment for defendants followed. On this, plaintiffs,' appeal, the sole question for determination is whether the petition states facts sufficient to entitle plaintiffs to the injunctive relief they seek. The petition is too long to set out in full: with the aid of blue prints which counsel stipulate we may use to "visualize the situation," we will endeavor to epitomize the material allegations of fact.

The principal vacation to be effected by the ordinance, and the only one we need consider, is that of Poplar Street between 14th Street on the east and 16th Street on the west. Poplar Street runs east and west; 14th and 16th Streets north and south; midway between 14th and 16th Streets is 15th Street, another north-and-south street. City Block 218 lies immediately north of Poplar Street, between 14th and 15th Streets; City Block 219 lies adjacent to Poplar Street on the north and between 15th and 16th Streets. City Block 218 is bisected by a north-and-south trafficway, thirty feet in width, called Johnson Street; a thirty-foot alley also runs north and south through the middle of City Block 219. Johnson Street, 15th Street and the alley through City Block 219 all terminate on the south at Poplar Street; 16th Street ends at an east-and-west alley a half block south of Poplar; and the north-and-south street one block west of 16th Street has heretofore been vacated from Poplar Street on south. Poplar Street itself is closed to eastbound traffic where it intersects with 14th Street, by reason of a viaduct and a retaining wall along the west side of 14th Street ·at that point. The area south of Poplar Street in the vicinity of the proposed vacation is occupied by railroad tracks, switches and yards.

The real estate owned by plaintiffs or some one of them consists of the following: Lots 21, 22, 23 and 25 in Block 218, all fronting east on 14th Street and extending back westwardly to Johnson Street; the south half of lot 41, the north half of lot 42 and lot 43, in Block 219, fronting east on 15th Street and extending back to the alley; and the north half of lot 46 and lot 47, in said Block 219, fronting west on 16th Street and extending eastwardly to the alley. Each of the above mentioned lots has a frontage of fifty feet and is 150 feet in depth. As heretofore stated none of them abuts on Poplar Street.

278

The defendants, other than the city of St. Louis, own all the ground adjoining Poplar Street on the south between 14th Street and 16th Street; they also own each of the lots in said blocks 218 and 219 which abuts on Poplar Street. The vacation of Poplar Street under the ordinance is conditioned upon the building by said defendants, within a specified time, of a warehouse and freight terminal on their own land "and the vacated portions of said streets and alleys." As a further condition said defendants are required to dedicate for use as a public trafficway a strip thirty feet in width along the north line of their premises between Johnson Street and the alley running north and south through Block 219.

From the blue prints 14th, 15th, 16th and Johnson Streets, extending northwardly from Poplar Street, appear to connect with the general system of streets of the city of St. Louis: the petition contains no averment to the contrary. It is alleged, however, that plaintiffs' right of "access to Poplar Street in both directions" and their right of "access for travel in both directions" will be cut off by the vacation of Poplar Street and the erection of the contemplated warehouse and freight terminal thereon "in close proximity to the property and real estate owned by plaintiffs."

It is further alleged that plaintiffs' property is situated near the railroad tracks south of Poplar Street; "that heretofore connection with said railroad tracks and right of way and access thereto was possible and could have been had, obtained and enjoyed by the respective plaintiffs by means of spurs, switches, sidings and tracks which might and could have approached and reached their respective tracts, pieces and parcels of land and real estate hereinbefore described, by the use and employment of the vacated portions of Poplar Street, Johnson Street, Fifteenth Street, Sixteenth Street and the alley in City Block 219 for said purpose; that because and by reason of the vacation and abolition of the designated portions of said streets and the threatened and contemplated erection and construction of the proposed warehouse and freight terminal, such connection with the railroad tracks and right of way access thereto will be completely removed, terminated, abolished, destroyed and forever lost to the plaintiffs; . . . that by reason of the facts heretofore stated, the land and real estate owned by them respectively has been particularly suited and adapted to and for switching, railroad, industrial, warehouse and terminal property and that said land and real estate was purchased and held by them respectively in full reliance upon the continued existence and maintenance of the streets, alleys and highways approaching and abutting their respective parcels and pieces of land and real estate aforementioned."

It is further alleged that the city of St. Louis by an ordinance passed in 1923, authorizing the construction of a viaduct on 14th

Street, changed the grades of 14th Street and Poplar Street at the point of their intersection; that the three corporate defendants herein sued the city for $150,000 as and for the damages they had sustained as a result of said change in grades; and that Ordinance No. 37106, the vacating ordinance involved in this case, was passed pursuant to a compromise agreement, wherein and whereby the said Atchison, Topeka & Santa Fe Railway Company, the Terminal Railroad Association and the Union Depot Company dismissed their said action for damages and waived all further claim therefor against the city of St. Louis. On the basis of the foregoing allegations, and those with reference to the erection of the warehouse and freight terminal, the petition charges:

"That said pretended Ordinance No. 37106 was wrongfully, illegally and fraudulently passed and enacted, if at all, by reason of the conspiracy and collusion of the defendants and the Board of Public Service and Board of Aldermen of the city of St. Louis, for the purpose of ceding and surrendering to defendant The Atchison, Topeka & Santa Fe Railway Company, Terminal Railroad Association of St. Louis and the Union Depot Company of St. Louis valuable land and real estate now occupied by public streets, alleys and highways in order to enable said defendants to devote said land and real estate to private use and to thereby enhance and subsidize large private commercial interests, and to settle, avoid and escape liability in the suit resulting from the change of grades of Fourteenth Street and Poplar Street, all to the special detriment, injury and damage of these plaintiffs."

The petition further charges that the vacating ordinance is void, on the ground that it was not passed in accordance with the legislative procedure prescribed by the Charter.

The principal question in the case is whether the plaintiffs, by reason of the vacation of Poplar Street and the erection thereon of a warehouse and freight terminal, will suffer injury which is special or peculiar to them. Unless they will suffer such injury they cannot maintain this action. [Glasgow v. St. Louis, 107 Mo. 198, 17 S. W. 743; Knapp, Stout & Co. v. St. Louis, 153 Mo. 560, 55 S. W. 104.]

Plaintiffs base their claim of special injury on two grounds: First, that they will be deprived of the right of travel in both directions— north and south—from their properties; and, second, that they will be cut off from the railroad tracks and yards in their vicinity and the speculative values of their several properties for industrial uses thereby destroyed. With respect to the first, the obstruction to travel to and from the south is complained of. This of course can have no reference to the property fronting on 14th Street because that street will not be af-

fected by the vacation. As to the property on Johnson, 15th and 16th Streets, the south travel to and from them now ends at Poplar Street; and such travel is barred on the east by the retaining wall of the 14th Street Viaduct which extends across Poplar Street. One going south from any of the properties of plaintiffs on Johnson, 15th and 16th Streets to the area due south and beyond Poplar Street, would have to go an indefinite distance west on Poplar Street before proceeding south. On the other hand by going a half block or more north to Spruce Street he would have access to the entire street system of the city. The general inconvenience occasioned the owners of the properties just mentioned by the closing of Poplar Street will therefore be negligible.

It is difficult to see how any means of access from plaintiffs' properties to railroad tracks is interfered with by the street vacations involved. Such access is possible only on the assumption that plaintiffs will be permitted to occupy with "spurs, switches, sidings and tracks" the very streets and alleys the vacation of which they now seek to restrain. They seem to be as effectively barred from railroad connection now as they will be when Poplar Street is occupied by a warehouse and freight terminal.

But if it be assumed that plaintiffs' properties will be stripped of potential uses and their value thereby lessened, and that the streets on which such properties are located will become *cul de sacs* as plaintiffs claim (although Johnson Street, 15th Street and the alley in Block 219 will be connected at their south ends by an east-and-west trafficway), all as a result of the street vacations in question, still plaintiffs will not by reason thereof suffer injury special or peculiar to them within the meaning of the rule long established in this State. In order for a property owner to sustain an injury special or peculiar to him on account of the vacation of a street, his property or some part of it must abut on the vacated portion, or else the vacation must deprive him of reasonable access to the general system of streets. A mere statement of the rule should suffice, because the principles underlying it, including constitutional implications, have been exhaustively considered and set forth at great length in many decisions of this court. [Rude v. City of St. Louis, 93 Mo. 408, 6 S. W. 267; Fairchild v. City of St. Louis, 97 Mo. 85, 11 S. W. 60; Canman v. City of St. Louis, 97 Mo. 92, 11 S. W. 60; Van De Vere v. Kansas City, 107 Mo. 83, 17 S. W. 695; Glasgow v. City of St. Louis, supra; Knapp, Stout & Co. v. City of St. Louis, 153 Mo. 560, 55 S. W. 104; Knapp, Stout & Co. v. St. Louis, 156 Mo. 343, 56 S. W. 1102; Cummings Realty & Invt. Co. v. Deere & Co., 208 Mo. 66, 106 S. W. 496; Gorman v. C. B. & Q. Railroad Co., 255 Mo. 483, 164 S. W. 509; Supply Co. v. Iron Works, 266 Mo. 138, 181 S. W. 30; In re 23rd Street Trafficway v. Crutcher, 279 Mo. 249, 214 S.

W. 109; concurring opinion of GRAVES, J., in Peters v. Buckner, 288 Mo. l. c. 636.]

However, appellants in support of their contention that the injury accruing to them from the street vacation will differ from that which will be suffered by the public generally bring to bear an argument not often advanced in cases of this kind. They assert that under the Charter of the city of St. Louis their lots would unquestionably fall within a benefit district and would accordingly be taxed with their proportionate parts of the cost of the improvement, if Poplar Street were to be opened, widened, graded or paved, on the ground that the lots would be specially benefited thereby; that within the purview of the Charter, therefore, they derive special benefits from the use and enjoyment of Poplar Street not shared in by the public generally; and that to deprive them of such benefits is necessarily to inflict an injury special or peculiar to them. The argument confuses the power of eminent domain with the taxing power. The "special injury" suffered by the owner of property, when a street is vacated, results from the taking of "some right or easement connected therewith, or annexed thereto," for public use. The "special benefits" for which the property may be assessed for the cost of a public improvement are much more inclusive. They are assessed under the taxing power: what constitutes "special benefits" in a given situation lies largely within the legislative discretion. [1 Lewis on Eminent Domain (3 Ed.) secs. 5 and 242, and cases cited in the margins of the text.]

The mere facts, that the city by the passage of the ordinance secured a release from a potential liability of $150,000 and through the ordinance provided a suitable site for a terminal freight station, do not singly or together give rise to an inference of fraud. [Glasgow v. St. Louis, supra; Knapp, Stout & Co. v. St. Louis, 153 Mo. 560, 574; Id., 156 Mo. 343, 354.] But if the ordinance is void because of the alleged fraud, or because the legislative procedure prescribed by the Charter was not observed in its passage, still plaintiffs cannot maintain this action. If the ordinance is void, the obstruction of Poplar Street by a warehouse and freight terminal will constitute a public nuisance, which cannot be restrained or abated at the suit of a private individual who suffers no injury different in kind from that sustained by the general public. [Realty & Invest. Co. v. Deere & Co., supra.]

The judgment of the circuit court is affirmed. All concur, except *Gantt, J.*, absent.