HANDLAN–BUCK COMPANY, a Corporation, and Handlan, Inc., a Corporation, Plaintiffs-Appellants,

v.

STATE HIGHWAY COMMISSION of Missouri, Defendant-Respondent.

No. 46329.

Supreme Court of Missouri,

Division No. 1.

July 14, 1958.

Tom R. R. Ely, St. Louis, for appellants.

Robert L. Hyder, Wilkie Cunnyngham, Jefferson City, for respondent.

WESTHUES, Judge.

Plaintiffs are corporations owning and operating a business in the City of St. Louis, Missouri, located on First Street between Poplar and Plum Streets. They filed this suit in the Circuit Court of Cole County asking in Count I of the petition that the defendant State Highway Commission be enjoined from closing Poplar Street at Third Street and in Count II, they ask damages in the sum of $707,000.

Defendant State Highway Commission filed a motion to dismiss the petition on the ground that the petition failed to state a cause of action. The trial court sustained the motion. Plaintiffs appealed. We shall herein refer to plaintiffs-appellants as plaintiffs and to the State Highway Commission as defendant.

■ Plaintiffs, in their brief, have not complied with Rule 1.08(a) (2) and (b), 42 V.A.M.S. No statement of the case was made. The petition and the motion to dismiss were copied in full in lieu of a statement. That is not compliance with our rule.

The material allegations of plaintiffs' petition may be stated as follows: The State Highway Commission is in the process of constructing a limited access highway through the City of St. Louis, Missouri. The part of this project, which is involved in this case, is the construction of such a roadway over Third Street in said City between Gratiot on the south and Walnut Street about 8 blocks to the north. Poplar Street running east and west crosses Third Street between these two points, that is, between Gratiot and Walnut. Plaintiffs' property is located in Block 40 which, we learn from the petition, is about 32⅔ feet 5 inches from east to west and 263 feet from north to south. Plaintiffs own the eastern portion of this block, about 117 feet on Plum Street and on Poplar Street 164 feet 6 inches, and all of the block abutting on First Street. Third Street is one and one-half blocks to the west.

Plaintiffs stated that they have a large manufacturing plant located on this property and that Poplar Street is a public street and has been such for many years. Plaintiffs alleged that the City of St. Louis passed an ordinance (No. 44628) and in pursuance thereof entered into a contract with the defendant wherein it was agreed that certain streets intersecting Third Street would be vacated; that Poplar Street was to be left open. It was stated that this contract was intended to be for the benefit of plaintiffs and others similarly situated. It was further alleged in the petition that the defendant has completed a portion of what is known as Third Street Interregional Highway and that all streets running east and west between Gratiot and Walnut Streets, including Poplar Street, have been closed at Third Street. Plaintiffs then stated that they have been damaged in their business and that no adequate remedy at law is available. The ordinance and contract involved were copied in full as exhibits and made parts of the petition.

At the outset, it may be stated that the ordinance and contract do not, as alleged in the petition, provide that Poplar Street was to be left open. Poplar Street was not mentioned. Neither the contract nor the ordinance states that the contract was for plaintiffs' benefit. Before considering any question of law applicable to the facts stated in the petition, it is well to note that no part of plaintiffs' property is located adjacent to Third Street or Poplar Street where it intersects Third Street. In fact, plaintiffs' property is located one and one-half blocks from Third Street.

Plaintiffs have briefed three points. We shall dispose of them in the order of appearance in their brief. In Point I, they state that "The Trial Court Erred in Dismissing Plaintiffs' First Amended Petition.

■ "(a) The State Highway Commission of Missouri may be sued on its contract." Five cases and Sec. 226.100 RSMo 1949, V.A.M.S., were cited as authority. The statute provides and the Missouri

courts have held that the State Highway Commission may be sued on its contracts. No citation of authority is necessary.

■ In a second subsection of Point I, plaintiffs state, "(b) A contract between two parties made for the benefit of a third party may be enforced by the third party." That is a correct statement of the general rule.

■ Under Point II, plaintiffs state that "On Motion to Dismiss Plaintiffs' Petition Should Be Given a Liberal Construction." We shall follow that rule when considering plaintiffs' petition.

Under Point III, plaintiffs say, "The Missouri Highway Commission Could Not Limit the Easement of Access Except by Exercise of Its Power of Eminent Domain, or in This Case by Virtue of Contract With the City of St. Louis.

"(a) The Highway Commission could not vacate Poplar Street in abrogation of the contract with the City of St. Louis.

"R.S.Mo.1949, Sec. 226.130 [V.A.M.S.]; Constitution of Missouri, 1945, Article IV, Sec. 29 [V.A.M.S.]; Constitution of Missouri, 1945, Article I, Sec. 26; State ex rel. State Highway Commission v. James, 356 Mo. 1161, 205 S.W.2d 534."

■ The above statements certainly do not correctly state the law as applicable to the facts pleaded in plaintiffs' petition. Plaintiffs' property does not lie adjacent to Third Street or adjacent to any portion of any street at the points where the limited access roadway was constructed. Therefore, plaintiffs have no *easement* of access. The closing of Poplar Street at Third Street in no way deprived plaintiffs of any property right. This court so decided in Wilson v. Kansas City, Mo., 162 S.W.2d 802, and Arcadia Realty Co. v. City of St. Louis, 326 Mo. 273, 30 S.W.2d 995, loc. cit. 997 (2, 3). In the Arcadia case, this court said, "But if it be assumed that plaintiffs' properties will be stripped of potential uses and their value thereby lessened, and that the streets on

which such properties are located will become cul de sacs as plaintiffs claim (although Johnson street, Fifteenth street, and the alley in block 219 will be connected at their south ends by an east and west trafficway), all as a result of the street vacations in question, still plaintiffs will not by reason thereof suffer injury special or peculiar to them within the meaning of the rule long established in this state." A like ruling was made in the Wilson case, supra, 162 S.W.2d loc. cit. 803, 804 (1, 2), and in a case cited by plaintiffs, Kingshighway Supply Co. v. Banner Iron Works, 266 Mo. 138, 181 S.W. 30.

Plaintiffs do not question the rule as stated in the cases cited supra. They base their claim on the theory that the defendant entered into a contract with the City and that the defendant under that contract had no right to close Poplar Street. Note what plaintiffs say under Point III(b):

"The Constitution of Missouri of 1945 empowers the City of St. Louis to form its charter and the charter empowers the city to establish, open, relocate, vacate and * * * alter * * * the streets, so that by its contract with the State Highway Commission, both parties are bound, for the benefit of plaintiffs, to keep Poplar Street open across the Third Street Interregional Highway.

"Charter of the City of St. Louis, Article I, Sec. I (14); Constitution of Missouri, Article VI, Sec. 31; Kingshighway Supply Co. v. Banner Iron Works, 266 Mo. 138, 181 S.W. 30(1); Stout v. Frick, 333 Mo. 826, 62 S.W.2d 1057, loc. cit. 1058 (4, 5), transferred Mo.App., 69 S.W.2d 677."

■ The authority of the State Highway Commission to construct limited access highways is derived from the 1945 Constitution, Article IV, Secs. 29, 30; State ex rel. State Highway Commission v. James, 356 Mo. 1161, 205 S.W.2d 534, loc. cit. 536–538(6) (7, 8). The Constitution, Article

IV, Sec. 29, provides that the Commission shall have "authority to limit access to, from and across state highways where the public interest and safety may require, subject to such limitations and conditions as may be imposed by law."

In the case of State ex rel. State Highway Commission v. James, supra, cited by plaintiffs, this court en banc held that the defendant Commission had the authority to condemn or extinguish the right of an abutting owner to access to a state highway. If condemnation proceedings were necessary in the case before us for the defendant to close Poplar Street at Third Street, plaintiffs would not be necessary parties. Their property does not abut on any portion of the streets at the points affected by the closing.

■ The constitutional provision authorizing the defendant to limit access to highways where the public interest and safety may require is a grant of police power. This court en banc, in Bowman v. Kansas City, Mo., 233 S.W.2d 26, loc. cit. 34, 35 (14–16), ruled that "The matter of the control of such motor vehicles when entering or leaving public highways, their movement on the highways, the parking of such vehicles on the highway or on public areas provided off the highway and the regulation and control of motor vehicle traffic generally is referable to the police power, as being directly connected with public safety and welfare." See, also, 16 C.J.S. Constitutional Law § 184, p. 921.

■ We rule that the exercise of the authority of the defendant to construct the limited access highway over Third Street and to close Poplar Street at Third Street was within the police power of the State. If, therefore, the closing of Poplar Street was in the public interest and safety, the authority to close the street could not be limited by contract. In 16 C.J.S. Constitutional Law § 179, pp. 913–915, it is stated:

"Neither the state legislature nor any inferior legislative body to which a portion of the police power has been granted can alienate, surrender, or abridge the right to exercise such power by any grant, contract, or delegation whatsoever, although in some jurisdictions no provision of controlling law expressly forbids such action. Each successive legislature is of equal authority.

"The police power is of such elasticity that the principle of stare decisis has no application to an exercise of this power; and the courts cannot decide away that which the state itself cannot contract away."

■ The Charter of the City of St. Louis does confer on that City authority to establish, open, relocate, vacate, and alter the streets within its boundary. That charter provision in no way limits the power of the defendant Commission with respect to the establishment of limited access highways. The constitutional provision is superior to that of the City Charter. City of St. Louis v. Sommers, 364 Mo. 700, 266 S.W.2d 753, loc. cit. 755(4, 5); Bowman v. Kansas City, supra; 62 C.J.S. Municipal Corporations § 143, p. 286.

The power of establishing limited access state highways is of statewide concern. Its exercise affects the safety of all persons traveling upon the roads of this state. The state police power is in such a case superior to that of a municipality. As said supra, such authority cannot be curtailed by contract between a city and the defendant Commission.

It follows that plaintiffs have not stated a cause of action in their petition and the trial court ruled correctly in dismissing the petition.

The judgment is affirmed.

All concur.