Blanche CRENSHAW, Appellant,

v.

CITY OF BELLE, Missouri, Respondent.

No. 60304.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1978.

Rehearing Denied Oct. 10, 1978.

Isadore I. Lamke, Briegel & Kimme, Union, for appellant.

Dan L. Birdsong, Routh, Thomas & Birdsong, Rolla, for respondent.

BARDGETT, Judge.

After opinion by the Missouri Court of Appeals, Springfield district, and on appellant's motion, we transferred this case to reexamine the question of whether a person owning land outside but adjacent to the city limits is an abutting property owner to a city street which dead-ends at such land so as to entitle such owner to prohibit the city from vacating the street or have damages for its closing. The parties have reargued the case here. We include in our opinion the opinion of the court of appeals, Titus, J., without quotation marks and add thereto citations in support which have come to the attention of this court.

The board of aldermen of Belle, a fourth class city situate in Maries and Osage Counties (1975–1976 Official Manual, State of Missouri, p. 1220), enacted an ordinance which vacated Apple Avenue "starting

223.0 feet north from the South line of Missouri Star (?) Route 'J' for School Purposes." Claiming the vacation denied her any reasonable access "to a general scheme of roads [and] to the streets of Belle," plaintiff filed a three-count petition against the city seeking damages and an injunction. Upon the pleadings and supporting affidavits filed, the city moved for summary judgment. Rule 74.04, V.A.M.R. Summary judgment was entered in favor of the city on all counts of the petition and plaintiff appealed.

Apple Avenue, which we surmise runs north and south, is a public street in Belle. All real estate situate on and abutting both the east and west sides of Apple Avenue where vacated is owned by Maries County R–II School District. Plaintiff owns 102 acres in Osage County. This property is outside the city but is adjacent to the north municipal limits and lies directly north of the north dead end of Apple Avenue or what was the north dead end of the street before the vacation.

In part, sec. 88.673, V.A.M.S., states: "The board of aldermen [of fourth class cities] shall have power to create, open and improve any public . . . street, avenue, alley or other highway, old or new, and also to vacate or discontinue the same whenever deemed necessary or expedient; provided, that all damages sustained by the citizens of the city or the owners of the property therein shall be ascertained as prescribed in that portion of this chapter relating to the condemnation of private property for public use; and provided further, that whenever any public . . . street, avenue or alley, or other highway, shall be vacated, the same shall revert to the owners of the adjacent lots in proportion as it was taken from them; . . . .''

It is settled in Missouri that property is not damaged by the vacation of a street unless it abuts or fronts upon that part of the street vacated, or is cut off entirely from the general system of streets or highways. In a legal sense the terms "abut" or "abutting" or "fronts" generally do not include property adjoining the dead end of a roadway, alley, street or avenue. This is based upon recognition that under the statutes it is only property which abuts or fronts on a street that is taken by the opening of same or that is chargeable with the costs of improvements. The reasoning would be particularly applicable to plaintiff's property which is outside the city limits. *State ex rel. State Highway Commission v. Meier*, 388 S.W.2d 855, 860 (Mo. banc 1965); *Wilson v. Kansas City*, 162 S.W.2d 802, 804 (Mo. 1942); *Arcadia Realty Co. v. City of St. Louis*, 326 Mo. 273, 280, 30 S.W.2d 995, 997[2] (1930); *Kingshighway Supply Co. v. Banner Iron Works*, 266 Mo. 138, 148–151, 181 S.W. 30, 32[2] (1915); *Leslie v. Mathewson*, 257 S.W.2d 394, 397 (Mo. App. 1953); *Amitin v. Izard*, 252 S.W.2d 635, 638[3] (Mo.App. 1952); *Christy v. Chicago, B. & Q.R. Co.*, 240 Mo.App. 632, 637, 212 S.W.2d 476, 479[4] (1948); *Campbell v. City of Glendale*, 211 S.W.2d 519, 520–522[1, 2] (Mo.App. 1948). Similarly, plaintiff has no standing to complain of the partial vacation of Apple Avenue because sec. 88.673, supra, provides for damages only to "the owners of the property therein," i. e., property within the city limits and plaintiff's property lies outside the city.

Other jurisdictions have decided cases analogous to this one and the opinions support the conclusion reached here.

In *Good Deal of Ivy Hill, Inc. v. City of Newark*, 32 N.J. 263, 160 A.2d 630 (1960), plaintiff occupied property outside of defendant-city's corporate limits. Within the city a street dead-ended at the city limits. Plaintiff's property, as in the case at bar, adjoined the city boundary where the street dead-ended, but was located wholly outside of the city. Plaintiff brought suit against the city claiming rights of ingress and egress as an abutting property owner. The Supreme Court of New Jersey denied plaintiff relief, holding at 633: "Plaintiff's property is foreign to Newark, its lessor-owner could not be burdened with an assessment for opening or improving the street, and he has no easement rights therein. As a logical consequence of these factors neither plaintiff nor his lessor could defeat vacation

of the Parkway." The court based much of its holding in deciding that the plaintiff was not an abutting owner, thus not legally chargeable with assessments for construction and improvements. For authority, the New Jersey Supreme Court cited *Kingshighway Supply Co. v. Banner Iron Works, supra,* which held that the owner of premises at the terminus of an alley is not a legal abutter and therefore he cannot be charged for improvements. See also: *Thomas v. Jultak,* 68 Wyo. 198, 231 P.2d 974 (1951), and *House v. City of Greensburg,* 93 Ind. 533 (1883).

It should also be noted that here, as in City of Newark, *supra,* the platted street, Apple Avenue, was never used for ingress or egress from plaintiff's property nor was it a public street which connected the boundaries of Belle with another public road used by the public and forming a general traffic communication-road system. Indeed, here, the facts leave some doubt as to whether the vacated portion of Apple Avenue ever existed as anything more than a platted street easement to the city limits. If appellant's property is landlocked, she has the provisions of sec. 228.340, RSMo 1969, available to her for the establishment of a way of necessity.

Judgment affirmed.

MORGAN, C. J., FINCH, DONNELLY, RENDLEN and SEILER, JJ., and HOUSER, Special Judge, concur.

SIMEONE, J., not participating because not a member of the court when cause was submitted.